MATTHEW LAHTI, PETITIONER, v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 4886.   Promulgated January 8, 1946.

*Edward J. Keelan, Jr., Esq.*, for the petitioner.
*Carl A. Stutsman, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of
$6,247.89 in gift tax for the calendar year 1942. A stipulation of
facts and nine exhibits, filed by the parties, are hereby adopted as
findings of fact.

The petitioner filed a gift tax return for the calendar year 1942 with
the collector of internal revenue for the district of Massachusetts,
showing no tax due. The Commissioner, in determining the defi-
ciency, held that the petitioner had made a gift of $47,000 through
a transfer in trust for the benefit of his wife, Dorothy West Lahti,
and others, and had also made a gift of $500 through a transfer in
trust for the benefit of his minor son, Abbott West Lahti, and others.
The petitioner, in his brief, contests only the first of those two
adjustments.

The petitioner and Dorothy were married in 1928. They had one
child, a son, Abbott, who was a minor in 1942.

The petitioner and his brother Henry executed an instrument on
June 1, 1934, declaring that they held certain property in trust. The
income of this trust was to be paid to the petitioner for life, and
thereafter Dorothy, if she remained his wife and survived, and the
issue of the petitioner were to benefit, but, under certain other condi-
tions, relatives of the petitioner, including his brother Henry, would
benefit. The instrument contained the following provision:

The Trustees shall have authority to and in their discretion may from time
to time apply to the use of said DOROTHY WEST LAHTI, wife of MATTHEW LAHTI,
or of any of his children or of any of his grandchildren, such portion or portions

of the principal of the Trust Estate as in the sole judgment of the Trustees shall seem advisable, but only for the sole use and benefit of said wife, such child, or children, or such grandchild or grandchildren. The provisions of this clause are intended primarily as a precaution against serious illness, misfortune, or other emergency or other unusual condition affecting said wife or said children or said grandchildren, and for the children of MATTHEW LAHTI during the period of their education or at the time or [*sic*] their marriage, but the foregoing enumeration is to serve only as a guide to the Trustees and the decision of the Trustees as to the desirability of any such payments shall be binding and conclusive upon all persons interested in the trusts hereby created.

No part of the principal of the trust was ever withdrawn until July 7, 1942.

The petitioner, in 1934, made a gift of $40,000 to his wife and also transferred $35,250 to the trust mentioned in the preceding paragraph. Dorothy, in that same year, transferred $50,412.50 to the same trust. They both filed gift tax returns reporting those transfers.

The petitioner and Dorothy separated and were divorced in 1942. They and others at their instance entered into several agreements on or about July 1, 1942. Those agreements provided, *inter alia*, that Dorothy should have general custody of the minor son, Abbott, and should also provide most of his support. A trust was created on July 1, 1942, of which the petitioner and the Cambridge Trust Co. were trustees. Dorothy was to have the income of that trust for life and after her death Abbott was to be the beneficiary. Dorothy could demand $1,000 annually of the principal and the trustees were authorized to pay her an additional amount of principal, not exceeding $1,500 in any one year, if they deemed it necessary for her welfare. Any remaining corpus of the trust was to be returned to the petitioner and his heirs if Abbott died intestate and did not leave issue or a widow surviving him. The petitioner and Dorothy agreed that the arrangements made on July 1, 1942, would be in lieu of all obligations for support and would be in full, complete, and final settlement of all claims of each in the property of the other growing out of their marriage. Their residence was to be sold and $10,000 of the proceeds was to be paid into the trust. The residence was sold and $7,000 of the proceeds was paid into the trust in 1942 and the remaining $3,000 was paid to the trust in 1943. The trustees of the trust created on June 1, 1934, transferred $40,000 of the principal of that trust on July 7, 1942, to the trustees of the July 1, 1942, trust. Dorothy was granted a divorce on July 8, 1942, by a court of the Commonwealth of Massachusetts. The court decreed that the custody and support of Abbott were to be in accordance with a stipulation of the parties filed with the court. The stipulation was in accordance with the agreement which Dorothy and the petitioner entered into on July 1, 1942. All of the trusts, transfers,

and agreements of July 1942 were made in connection with the divorce and were conditioned upon an entry of an absolute decree of divorce.

The petitioner contends that the $40,000 which the trustees of the 1934 trust transferred to the trustees of the 1942 trust did not subject him to any gift tax. Gift taxes were paid in connection with the transfers of property to that trust in 1934 and no contention is made by the respondent that completed gifts were not made at that time. As a matter of fact, Dorothy transferred more property to that trust than did the petitioner. The 1934 trust instrument gave the trustees authority to apply principal of that trust to the use of Dorothy to the extent that it seemed advisable to them. The petitioner contends that the transfer of the $40,000 was made under that authority. That contention seems to be sound. No other authority for the transfer appears. That transfer merely carried out one of the provisions of the 1934 trust and did not subject the petitioner to gift tax in 1942.

One of the agreements entered into by the petitioner and Dorothy on July 1, 1942, was that she would join in a deed for the sale of their residence provided that $10,000 of the proceeds would be placed in the trust of which she was a life beneficiary and in which her minor child had a remainder interest. Seven thousand dollars of the proceeds of the sale of the residence was placed in the trust in 1942. The transactions between Dorothy and the petitioner in July 1942 were obviously arranged at arm's length between two contracting parties with adverse interests. The placing of the $7,000 of the proceeds of the sale of the residence in the trust for Dorothy was not done with any donative intent upon the part of the petitioner and did not subject him to gift tax. *Herbert Jones*, 1 T. C. 1207; *Edmund C. Converse*, 5 T. C. 1014.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

Tyson, *J.*, dissents.

———

Arnold *J.*, dissenting: The doctrine announced in *Herbert Jones*, 1 T. C. 1207, and followed here, has been repudiated by the Supreme Court in *Commissioner v. Wemyss*, 324 U. S. 303, and *Merrill v. Fahs*, 324 U. S. 308, and by the First Circuit in *Commissioner v. Bristol*, 121 Fed. (2d) 129, reversing 42 B. T. A. 263. For this and other reasons, more fully set forth in my dissenting opinion in *Edmund C. Converse*, 5 T. C. 1014, I respectfully note my dissent to the conclusion reached by the majority.

Turner, *J.*, agrees with this dissent.