Estate of Julien H. Hill, State-Planters Bank and Trust Co., Executor v. Commissioner.
Estate of Julien H. Hill, State-Planters Bank & Trust Co., Ex'r v. Commissioner
Docket No. 7483.
United States Tax Court
1946 Tax Ct. Memo LEXIS 274; 5 T.C.M. (CCH) 55; T.C.M. (RIA) 46028; January 31, 1946
*274 John F. Greaney, Esq., Earle Bldg., Washington, D.C., for the petitioner. Elmer L. Corbin, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency of $11,496.37 in gift tax for the calendar year 1942. The sole issue is whether a lump sum payment of $70,000, or any portion thereof, made by Julien H. Hill (hereinafter referred to as decedent) to his wife in 1942, during the pendency of divorce proceedings and incident thereto, in settlement solely of his wife's right to support and maintenance, is taxable as a gift. Findings of Fact Some of the facts have been stipulated, and the stipulated facts are hereby found accordingly. Decedent, prior to his death, was a resident of the State of Virginia. During the calendar year 1942 he made gifts, exclusive of the amount in controversy, in the sum of $61,060.65, and a gift tax return filed for the year with the collector of internal revenue at Richmond, Virginia, disclosed this sum as the total of gifts made during the year, and showed a gift tax in connection therewith of $1,311.37. Decedent died testate on December 1, 1943. His will has been admitted *275 to probate. Petitioner, who is the named executor of the will, has duly qualified in the courts of Virginia and is acting as executor. Decedent and his wife, Lucy Kearny Hill, were married in Washington, D.C., on April 22, 1903. They thereafter lived together as man and wife in Richmond, Virginia, until January 15, 1929, when they separated. Sometime prior to April 18, 1942, decedent brought suit for divorce against his wife in the Law and Equity Court of Richmond. While suit was pending, negotiations were commenced looking to an agreement with respect to Mrs. Hill's claim for support, maintenance, alimony and support money. The negotiations were conducted by the attorneys for the respective parties, decedent and his wife not having met during the negotiations because of the feelings of animosity that had developed during the years of their sparation. Each attorney attempted to secure the most favorable settlement for his client. Mrs. Hill's representative initially demanded a lump sum of $150,000, and a counter offer was made on behalf of decedent of about $50,000. Among the factors considered by the negotiators were Mrs. Hill's customary standard of living and the amount *276 necessary to maintain it; decedent's income and property holdings, at which time he was president of State-Planters Bank, a large Richmond bank; the amount theretofore contributed by decedent, which was almost $5,000 per year; and the life expectancy of decedent and his wife. The gift tax return shows that decedent was 65. Mrs. Hill was 53. An interest rate of 3 1/2 percent was assumed. Decedent at the time owned property valued at about $250,000. No consideration was given to the question of dower rights of Mrs. Hill in the estate of decedent. At the time of the negotiations only one child of the marriage was a minor - a son, age 18, attending the University of Virginia. No consideration was given to the amount necessary for the support of the minor child. The agreement finally consummated provided, inter alia: (2) In lieu of all claims for support and maintenance, for alimony, and support money the said Lucy Kearny Hill does hereby agree to accept the sum of $70,000.00 in cash which, with the release of the real estate hereinbefore mentioned, shall be in full, final and complete settlement of any and all claims which the said Lucy Kearny Hill may have against the said Julien *277 H. Hill either now or hereafter, and the said Julien H. Hill does hereby release unto the said Lucy Kearny Hill in full, final and complete settlement any and all claims which he may have against the said Lucy Kearny Hileither now or hereafter. (3) Upon the entry of a final divorce decree of separation all property of either, both real and personal, and whether now owned or hereafter acquired shall forthwith become and be freed and released of all claims and rights of the other arising or hereafter at any time to arise out of the existing matrimonial status, whether by operation of law or otherwise. The agreement was incorporated in the divorce decree of April 24, 1942. The court's decree stated, in part, as follows: * * * that the defendant, Lucy Kearny Hill, has been guilty of cruelty toward the complainant and has caused him to suffer great mental anguish and impairment of health, and that by her cruelty and conduct enforced the separation from his bed and board on the 15th day of January, 1929, thus without justification or excuse wilfully deserting him which desertion has continued without interruption to this day. It is accordingly adjudged, ordered and decreed that the *278 complainant and the defendant be and they are hereby divorced from the bond of matrimony which was created by the aforesaid marriage, and that the said marriage be and the same is hereby dissolved as provided by law. And it further appearing to the Court that the complainant and the defendant, Lucy Kearny Hill, have reached an amicable agreement and settlement, bearing date of April 18th, 1942, of all claims of the defendant for alimony and in respect of the rights of each in the estate and property of the other as set out in a duplicate original of said agreement attached to the draft of this decree. It is adjudged, ordered and decreed that the said agreement between the complainant and the defendant hereinbefore referred to be and it hereby is confirmed and made a part of this decree * * * The amount of $70,000 represented the fair value of the obligation of decedent to his wife for support and maintenance. Opinion On the authority of Edmund C. Converse, 5 T.C. 1014, and Matthew Lahti, 6 T.C. 7 (Jan. 8, 1946), respondent's determination must be overruled. As we said in Herbert Jones, 1 T.C. 1207, 1211: * * * The very fact that *279 the attorneys representing petitioner's wife in dealing at arm's length with his attorneys were able to exact a payment of $222,623 in settlement of his obligation is persuasive evidence to us of the value of her right. No aspect of decedent's life expectancy or of the interest rate assumed by the parties in their negotiations impeaches to any extent the conclusion suggested by that evidence. We have accordingly found as a fact that the amount in question was the fair value of the obligation of support which decedent discharged by the disputed payment. Decision will be entered for the petitioner.