Junius R. Judson v. Commissioner.
Judson v. Commissioner
Docket No. 7365.
United States Tax Court
1947 Tax Ct. Memo LEXIS 285; 6 T.C.M. (CCH) 242; T.C.M. (RIA) 47050; March 4, 1947
*285 Scott Stewart, Jr., Esq., 31 Exchange St., Rochester 4, N. Y. for the petitioner. Harold D. Thomas, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: Respondent determined a deficiency in petitioner's gift tax liability for the calendar year 1942 in the amount of $7,813.10. The question is whether a beneficial interest in a trust created by petitioner in favor of his former wife (pursuant to a property settlement agreement contemplating divorce, which agreement was adopted in the Nevada divorce decree) constituted a gift, as respondent contends, or was for an adequate consideration in money or moneys worth as petitioner contends. Petitioner filed a gift tax return for the year 1942 with the collector for the twenty-eighth district of New York. With the exception of one exhibit, petitioner's 1942 gift tax return, the case was submitted on the pleadings under which respondent admitted, with few exceptions, the facts relied on by petitioner in the petition. The facts pleaded by petitioner and admitted by respondent are hereby adopted. Findings of Fact Petitioner and his former wife, Bessie F. Judson, were married on February 17, 1906 and *286 resided together in Rochester, New York until shortly prior to January 25, 1938 on which date they entered into a written separation agreement. Under this separation agreement petitioner undertook, among other things, to pay Bessie $500 a month for her support and maintenance. During the latter part of 1940 and early 1941, petitioner and his wife, through their respective attorneys, entered into negotiations initiated by petitioner to determine whether his wife would consider a divorce and if so, on what terms. No agreement was reached as a result of these negotiations. In the spring of 1942 petitioner wanted to marry another woman and initiated negotiations again with Bessie through their respective attorneys looking towards a property settlement. In connection with these negotiations an inventory was made of petitioner's estate on or about June, 1942. This inventory revealed that petitioner's net estate amounted to over $300,000. As a result of these negotiations petitioner and Bessie entered into an agreement dated October 1, 1942. This agreement recited that petitioner and Bessie had been living apart pursuant to a separation agreement and that immediate divorce was contemplated. *287 Petitioner agreed to establish a trust in favor of Bessie, the form of such trust being attached to the October first agreement. It was further agreed that: Except as otherwise specifically provided in the preceding paragraph Second hereof, each of the parties hereto shall retain his or her own property and hereby expressly releases to the other party any and all right or claim of any kind in and to the property of the other. The wife hereby releases the husband of and from all obligations which the husband might otherwise owe to the wife for her support and maintenance, and hereby agrees that she will not in any manner, and particularly in any action or proceeding demand, by way of alimony, or otherwise (except counsel fees in the divorce proceeding hereinabove referred to), any sums or payments in addition to or exceeding in any manner the provisions made for her in said agreement hereto annexed and marked "Exhibit A." Each of the parties hereto expressly releases the other party from any right to administer the estate of the other, and from any and all obligations of any kind whatsoever except as herein expressly provided. Each of said parties waives any right of election to take *288 any intestate's share of any portion or share of the estate of the other under any relevant provision of law of any and all jurisdictions. On October 17, 1942 the Second Judicial Court of Nevada granted Bessie a final and absolute decree of divorce and further ordered that * * * said agreement entered into by the plaintiff and the defendant under date of October 1, 1942, a copy of which was introduced in evidence in this case and marked "Plaintiff's Exhibit A," be and the same is hereby approved and adopted by the Court; and that said parties be and they are hereby ordered and directed to comply therewith and to execute the terms thereof. Pursuant to the agreement of October 1, 1942 and the above quoted court decree, petitioner as settlor executed a trust agreement as of November 1, 1942. Subject to the terms of the trust petitioner transferred to the trustees the following property which was valued for gift tax purposes as indicated: Shares
845 J. Hungerford Smith Stock
$76,050.00
170 U.S. Steel Common Stock
8,430.94
450 Rochester Button Common
4,680.00
200 R. H. Macy Co. Common
4,006.25
100 Loew's Inc. Common
4,406.25
30 Corn Exchange Bank
1,029.38
7 U.S. Steel Preferred
784.88
$99,387.70
*289 The trustees were directed to pay Bessie during her lifetime as beneficiary the income from the trust quarterly, semi-annually or annually, as Bessie might request. If such income should be less than $8,000 for any year, the trustees were directed, if requested in writing by Bessie, to sell such part of the corpus as might be necessary to bring the distributable amount up to $8,000 for that year. At Bessie's death the trustees were to pay the corpus as then constituted over to other persons in a manner not here material. Petitioner on his gift tax return for 1942 reported as a gift the amount of $65,612.78 on account of the property transferred to the trust created by him as of November 1, 1942. This amount represents the value of the remainder interest in the trust and excludes the value of Bessie's life interest therein. Bessie was born February 17, 1878, and her age as of her birthday nearest in time to the date of the gift in trust, i.e., November 1, 1942, was sixty-five years. Based on American mortality tables the value of the remainder interest in the trust as computed by petitioner and not questioned by respondent, was $65,612.78, or $99,387.70 (the value of the property *290 conveyed to the trust) multiplied by.66017. Respondent determined that the value of the taxable gift resulting from petitioner's creation of the November 1, 1942 trust was $100,337.70. This amount consists of the sum of $99,387.70 (the agreed value of the property transferred to the trust) and an amount of $950. It appears from a list attached to petitioner's gift tax return that the amount of $950 represented a note due to petitioner from his son, Thomas F. Judson, which note petitioner transferred to his wife as part of the divorce settlement. Respondent in the statement attached to the deficiency notice explained his determination as follows: It is held that the surrender by your former wife of her marital rights in consideration of the creation of a trust for her benefit does not constitute an adequate and full consideration in money or money's worth within the meaning of Sec. 1002 of the Internal Revenue Code. Accordingly, the full value of the property transferred to the trust, including the note due from Thomas F. Judson for $950.00, has been included for gift tax purposes. Bessie's release of petitioner from his legal obligation to support and maintain *291 her constituted a full and adequate consideration in money's worth for petitioner's transfer in trust in her behalf. Opinion Respondent has filed no brief in the instant case. At the hearing respondent stated that essentially the same issue as is presented by the instant case was decided against him in the case of Edmund C. Converse, 5 T.C. 1014. Respondent stated at the hearing that he believes the Converse case to have been erroneously decided. This Court has followed the Converse case in the cases of Matthew Lahti, 6 T.C. 7, and Clarence B. Mitchell, 6 T.C. 159. Petitioner relies on these cases. Shortly prior to the hearing of the instant case the Bureau released E.T. 19 (1946-16-12367). This ruling distinguishes between a wife's inheritance rights such as dower and courtesy on the one hand, and her rights to support and maintenance on the other. Relying on Commissioner v. Wemyss, 324 U.S. 303 and Merrill v. Fahs, 324 U.S. 308, the Bureau in E.T. 19 [1946CB 166] considers a wife's relinquishment of her inheritance rights in her husband's property as not constituting full and adequate consideration for a transfer *292 of property by the husband pursuant to an agreement incident to divorce. In this connection E.T. 19 [1946-2 CB 166] states "* * * a transfer to a wife under such a decree in settlement of inheritance rights is a present transfer of what would otherwise constitute a major portion of the husband's estate on death." But E.T. 19 [1946-2 CB 166] states that a wife's support or maintenance can be regarded as consideration for such a transfer because it "amounts to the liquidation of a presently existing obligation, the satisfaction of which does not have the effect of diminishing or depleting a husband's estate to any greater extent than the payment of other existing legal obligations." The ruling also discusses the question of allocating the value of the transfer between the release of inheritance rights and the release of support and maintenance rights. Assuming without deciding that E.T. 19 [1946-2 CB 166] represents the correct interpretation of the law, its application to the instant case would indicate that the transfer in question was not a gift. Under the agreement of October 1, 1942 petitioner's wife relinquished, among other things, *293 her right to support and maintenance. No attempt has been made by respondent to determine the value of this right or to allocate any portion of the transfer to its release. We have found as a fact that Bessie's release of her right to support and maintenance of and by itself constituted full and adequate consideration for petitioner's transfer in trust on her behalf. Petitioner was a man of substantial means. The inventory of his estate made on or about June, 1942, indicated a net estate of over $300,000. Under the original separation agreement of January 25, 1938 petitioner undertook to pay Bessie $500 a month in satisfaction of his obligation to support and maintain her, the equivalent of $6,000 a year. Under these circumstances we are satisfied and have so found, that petitioner's transfer in trust designed to secure to his ex-wife an annual income of $8,000 was supported by full and adequate consideration by virtue of Bessie's release of her right to support and maintenance. We conclude that the instant case, in so far as it relates to the November 1, 1942 trust, is governed by the Converse case, supra, and furthermore that it comes within the nongift features of E.T. 19 [ *294 1946-2 CB 166]. We hold that respondent erroneously determined that the wife's life interest in the trust was a taxable gift. Respondent determined that the amount of $950 representing a note due from Thomas Judson to petitioner and which petitioner transferred to Bessie, constituted a taxable gift. Petitioner has not assigned error in this connection and has made no mention of it on brief. Respondent's determination in this respect being presumptively correct, must stand and we so hold. Decision will be entered under Rule 50.