OPINION. ARNOLD, J udge: Respondent contends that, since property was transferred for less than an adequate and full consideration in money or money’s worth, a gift resulted under section 1002 of the Internal Revenue Code. We see no point in laboring the question presented. A number of cases with similar facts have been decided by this and other courts against respondent’s contentions, and distinguishing Merrill v. Fahs, 324 U. S. 308; Commissioner v. Wemyss, 324 U. S. 303; and Commissioner v. Bristol, 121 Fed. (2d) 129. See Herbert Jones, 1 T. C. 1207; Matthew Lahti, 6 T. C. 7; Commissioner v. Converse, 163 Fed. (2d) 131, affirming 5 T. C. 1014. Here, the separation agreement was ratified and confirmed by the Nevada court which dissolved the marriage, and the agreement was declared by that court to be fair, just, and equitable to the parties and to their minor child. The payments required of Albert V. Moore and the setting up of the insurance trust were made, therefore, pursuant to court decree and in discharge thereof. Had petitioner failed or refused to make the transfers, he could have been required to do so by court proceedings to enforce the terms of the decree. The discharge of the judgment was, under Commissioner v. Converse, supra, an adequate and full consideration in money or money’s worth for the transfers. Upon the authority of the Jones, Lahti, and Converse cases, supra, we hold for the petitioners on the contested issues. This case is distinguishable from the Roland M. Hooker case, this day decided, in that here the divorce court’s decree fixed the amount of petitioner’s marital obligation, whereas there the court’s order of specific performance did not involve any question of the amount of a parent’s obligation to support his minor child. In view of the stipulations of the parties, particularly with respect to the value of the stock of Moore-McCormack Lines, Inc., the deficiencies, if any, will be recomputed under Rule 50. Reviewed by the Court. Decision will be entered under Buve 50.