OPINION. Johnson, Judge: The Commissioner determined that petitioner was subject to gift tax on the $120,000 transferred in trust in 1943. Admitting on brief that the estrangement between mother and daughter precluded any donative intent, he defends the determination by the argument that no such intent is necessary under Commissioner v. Wemyss, 324 U. S. 303, it being enough that the property was transferred for less than an adequate and full consideration, as contemplated by section 1002, Internal Revenue Code,[1] and, since petitioner made the transfer “to secure the release of unproven claims which had no ascertainable value in money or money’s worth,” she received nothing in return, and hence the entire amount transferred should be deemed a gift. The testimony of petitioner’s advisors and attorneys convinces us that in making the transfer petitioner was not actuated by love and affection or other motives which normally prompt the making of a gift, and, further, that the settlement to which she agreed on her attorneys’ advice was that which they and she regarded as advantageous economically under the circumstances. Perhaps she could have successfully resisted the daughter’s threatened suit, but her attorneys were not certain of the outcome of the litigation and so advised her; the value of the property defended was substantial, and by accepting that settlement, she avoided additional legal expenses. She acted, in our opinion, as one would act in the settlement of differences with a stranger. The transfer made is analogous for tax purposes to those of spouses who agree upon a property settlement prior to divorce in order to satisfy existing claims of one against the other. Transfers pursuant to such agreements are not gifts and are not subject to gift tax, Commissioner v. Converse (C. C. A., 2d Cir.), 163 Fed. (2d) 131; Lasher v. Commissioner (C. C, A., 7th Cir.), 138 Fed. (2d) 989; Matthew Lahti, 6 T. C. 7; Herbert Jones, 1 T. C. 1207; dismissed, C. C. A., 7th Cir. The release from unliquidated claims, moreover, has a recognizable value in money or money’s worth, for, as said in Commissioner v. Mesta (C. C. A., 3d Cir.), 123 Fed. (2d) 986: * * * a man who spends money or gives property of a fixed value for an unliquidated claim is getting his money’s worth. Obviously the transfer was not a gift or a marriage settlement as contended by the respondent. Nor can it be treated as a division of property. And this view was recently repeated in Estate of Josephine S. Barnard, 9 T. C. 61: * * * Here Mrs. Barnard was seeking to free her property from all claims of her husband and gave in payment therefor what she considered to be the reasonable value thereof. Since these claims were unliquidated, it may be assumed, as the court said in the Mesta case, that she received her money’s worth and accordingly did not make a taxable gift of this $50,000 to Barnard. * * * See also Albert V. Moore, 10 T. C. 393; Edmund C. Converse, 5 T. C. 1014; affd., 163 Fed. (2d) 131; Herbert Jones, supra. Respondent cites Commissioner v. Wemyss, supra, and Merrill v. Fahs, 324 U. S. 308, as supporting his determination, but both cases involved transfers made in pursuance of antenuptial agreements, and they are distinguishable for the reasons set forth in Edmund C. Converse, supra. See also Clarence B. Mitchell, 6 T. C. 159; dismissed, C. C. A., 7th Cir. Reviewed by the Court. Decision will be entered for the petitioner. SEC. 1002. TRANSFER FOR LESS THAN ADEQUATE AND FUEL CONSIDERATION. Where property is transferred for less than an adequate and full consideration In money or money’s worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.