ESTATE OF HARRY E. BYRAM, DECEASED, THE NEW YORK TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8837.    Promulgated July 7, 1947.

*Bruce Bromley, Esq.*, for the petitioner.
*Arnold R. Cutler, Esq.*, for the respondent.

1

4

OPINION.

LEECH, *Judge*: The question presented is whether the corpus of a certain trust created by decedent is includible in his gross estate under either subdivision (b) or (c) of section 811 of the Internal Revenue Code.[1]  At the time of the execution of the trust the decedent was 70 years of age, mentally alert, and in good health.  Respondent's sole ground of attack, under subdivision (c), is that the transfer was in contemplation of death, since decedent's dominating motive was to make a testamentary disposition. *Kroger* v. *Commissioner*, 145 Fed. (2d) 901; certiorari denied, 324 U. S. 866.  The respondent contends that the execution of the antenuptial agreement, the trust agreement, and decedent's will all on the same day evidence a single comprehensive plan testamentary in character and, therefore, in contemplation of death.  Respondent argues that, while decedent's initial motive was to satisfy the wishes of his intended wife so that the marriage could take place, the execution of the will indicates the impelling motive was to protect his daughter and grandchildren.

It is firmly established that the purpose of the contemplation of death provision, found in section 811 of the code, is to reach *inter vivos* dispositions of property which are testamentary in character. *United States* v. *Wells*, 283 U. S. 102; *Allen* v. *Trust Company of*

---

1 SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\*     \*     \*     \*     \*     \*     \*

(b) DOWER OR CURTESY INTERESTS.—To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy;

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

\*     \*     \*     \*     \*     \*     \*

*Georgia*, 326 U. S. 630. The test is whether the particular facts establish that the thought of death is the impelling cause of the transfer. Considered in the entirety, we are not inclined to view the execution of the three documents as a single plan for the disposition of decedent's estate to take effect at his death. Cf. *Anna Ball Kneeland et al., Executors*, 34 B. T. A. 816. By the trust agreement the decedent presently disposed of the property constituting its corpus absolutely and forever. No right or interest, either in the income or the corpus, was retained. Neither under the terms of the instrument nor by the operation of law was there a possibility of reverter. Clearly, the primary purpose of the trust agreement was to assure the intended wife substantially the same financial position she then occupied, which would be forfeited in the event she married the decedent. This security she demanded as a condition to her consent to the marriage and the decedent was willing to meet the condition. The *Kroger* case, *supra*, relied upon by the respondent, is clearly distinguishable. In fact, the situation and the impelling motive there were directly opposite to those here. In that case it was apparent that the thought of death, and not the contemplation of marriage, was the impelling motive for the transfer. In that case the settlor was not required to meet a condition precedent to the settlor's contemplated marriage, as in the instant case. In that case the motive in creating the trust was to prevent the spouse from acquiring a large part of the property of the settlor at death. The settlor retained the income for life and the beneficiary's enjoyment of the estate was postponed until the settlor's death.

The decedent here was domiciled in the State of Connecticut. Under the laws of that state at that time, a wife was entitled to share in all the property owned by the husband at the time of his death.[2] Counsel for decedent advised him that, notwithstanding the gift to his intended wife contemplated by the trust agreement to procure her consent to the marriage, she would, in addition, be entitled to all the benefits bestowed on a wife under the law of the State of Connecticut. The matter was discussed with the intended wife. It was arranged that, if the marriage took place and decedent predeceased her, the value of the trust corpus would be deducted from her statutory interest in his estate. To meet this situation an antenuptial agreement was executed which provided for the execution of the trust agreement and the will of the decedent. The latter instrument contained a provision covering the understanding respecting the wife's interest in the decedent's estate. The execution of the will appears to be incidental to the main purpose for which the trust was created, i. e., securing the then financial position of the prospective wife in the event the marriage took place.

[2] Sec. 5156, General Statutes of Connecticut, Revision of 1930.

Whether a transfer is made in contemplation of death is a question of fact. To draw the inference that the simultaneous execution of the will renders the transaction here a substitute for a testamentary disposition exalts what was merely an incident. This inference prevents a proper perspective of the transaction as a whole. We do not accept such a consequence. Situations may arise where the simultaneous execution of the will would permit of no logical inference other than than that the transaction was a substitute for a testamentary disposition. The instant case does not come within that range. We conclude petitioner has sustained the burden of demonstrating the corpus of the trust in question is not includible in decedent's estate under section 811 (c) of the code.

The respondent also contends that the trust corpus is includible under section 811 (b). This issue was first raised by an amended answer filed at the trial. Estate taxes are levied on all transfers of property taking place at decedent's death. Under some state decisions dower interests were held not to be includible in decedent's estate, since they passed by operation of law and not by virtue of death. Subdivision (b) is "essentially a negative provision" in the nature of a precautionary measure. It merely makes certain that the value of the gross estate of the decedent shall be subject to estate tax, undiminished by the value of dower or curtesy interests or statutory interests in lieu of dower or curtesy.[3] But the provision applies only to the estate of the decedent as it existed at his death. Only to property in such estate could dower and curtesy apply. Moreover, the expressed provisions of the act make this meaning clear beyond doubt. Thus, that which subsection (b) requires to be included in the estate is "* * * any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy." However, the property value which respondent contends is includible in decedent's estate under that section is not property existing as a part of decedent's estate at his death, nor is it an interest in property created by virtue of a statute in lieu of dower. Title to the property in question passed finally and irrevocably from decedent some years before his death. Respondent does not contend otherwise, nor do we think there is any doubt of the fact that it was disposed of by decedent in a closed transaction and even for a valid legal consideration. There was one all important consideration moving to decedent for his transfer of this property. That consideration—the impelling motive for the transfer—was marriage to Mrs. Byram. Although she also released her dower rights in his estate, that action was wholly incidental. His action in conveying all the property he transferred

---

[3] Paul's Federal Estate and Gift Taxation, vol. I, ch. 5, sec. 5.01 et seq.

to the trust was necessary to accomplish the marriage. And, it is to be noted, under the applicable Connecticut law, such antenuptial contract and trust at the time they were executed, years before decedent's death, effected the irrevocable release of dower of the surviving spouse.[4] It must be remembered that there is no question here as to whether the consideration was in money or money's worth to meet the requirements of the gift tax. (See *Commissioner* v. *Wemyss*, 324 U. S. 303). Our question is merely whether the decedent, at the time of his death, had parted definitely with the property and no interest therein existed in his estate.

Respondent, upon brief, admits that in no case has section 811 (b) been applied to include in the gross estate property disposed of by the decedent prior to his death. It is argued that this provision should be construed to include in the estate not only interests in lieu of dower created by *statute*, as that section directs, but also any interest in lieu of dower created by the *decedent*.

We see no reasonable basis for such construction. It would unquestionably extend the application of that section far beyond its terms. The respondent, by his regulations, gives no such extended construction to the section. There he provides in section 81.14 of Regulations 105:

SECTION 81.14. DOWER AND CURTESY.—The above provisions of the Internal Revenue Code include in the gross estate dower and curtesy and all interests *created by statute* in lieu thereof, although the estate or interest so created may differ in character from dower or curtesy. The effect of the provisions is to require the inclusion of the full value of the property, without deduction of the value of the interest of the surviving husband or wife, and without regard to the time when the right to such an interest arose. [Emphasis supplied.]

In the present case nothing has been excluded from decedent's estate. The entire estate as it existed upon his death has been made subject to estate tax. We find no merit in respondent's contention that the corpus of the trust is includible in decedent's gross estate by virtue of section 811 (b) of the Code.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

---

[4] In Connecticut, under section 5156 of the General Statutes of that state, (footnote 2, *supra*), the surviving wife or husband has a dower or curtesy interest consisting of a life estate in one-third of all the property, both real and personal, possessed by the decedent at the time of death. This section concludes with the following paragraph:

"The provisions of this section with regard to the statutory share of the surviving husband or wife in the property of the other shall not apply to any case in which, by written contract made before or after marriage, either party has received from the other what was intended as a provision in lieu of such statutory share; * * *"