## COMMISSIONER OF INTERNAL REVENUE. *v.* WEMYSS.

No. 629.   Argued January 9, 1945.—Decided March 5, 1945.

*Miss Helen R. Carloss,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr., Messrs. Sewall Key* and *I. Henry Kutz* were on the brief, for petitioner.

*Mr. Cecil Sims* for respondent.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

In 1939 taxpayer proposed marriage to Mrs. More, a widow with one child.  Her deceased husband had set up

two trusts, one half the income of which was for the benefit of Mrs. More and the other half for that of the child with provision that, in the event of Mrs. More's remarriage, her part of the income ceased and went to the child. The corpus of the two trusts consisted of stock which brought to Mrs. More from the death of her first husband to her remarriage, about five years later, an average income of $5,484 a year. On Mrs. More's unwillingness to suffer loss of her trust income through remarriage the parties on May 24, 1939, entered upon an agreement whereby taxpayer transferred to Mrs. More a block of shares of stock. Within a month they married. The Commissioner ruled that the transfer of this stock, the value of which, $149,-456.13, taxpayer does not controvert, was subject to the Federal Gift Tax, §§ 501 and 503 of the Revenue Act of 1932, 47 Stat. 169, 245, 247, 26 U. S. C. §§ 1000, 1002. Accordingly, he assessed a deficiency which the Tax Court upheld, 2 T. C. 876, but the Circuit Court of Appeals reversed the Tax Court, 144 F. 2d 78. We granted certiorari to settle uncertainties in tax administration engendered by seemingly conflicting decisions. 323 U. S. 703.

The answer to our problem turns on the proper application of §§ 501 (a) and 503 *supra* to the immediate facts. These provisions are as follows:

"Sec. 501. IMPOSITION OF TAX.

(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual . . . of property by gift."

"Sec. 503. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this title, be deemed a gift, and shall be

included in computing the amount of gifts made during the calendar year."

In view of the major rôle which the Tax Court plays in Federal tax litigation, it becomes important to consider how that court dealt with this problem. Fusing, as it were, §§ 501 and 503, the Tax Court read them as not being limited by any common law technical notions about "consideration." And so, while recognizing that marriage was of course a valuable consideration to support a contract, the Tax Court did not deem marriage to satisfy the requirement of § 503 in that it was not a consideration reducible to money value. Accordingly, the Court found the whole value of the stock transferred to Mrs. More taxable under the statute and the relevant Treas. Reg. 79 (1936 ed.) Art. 8: "A consideration not reducible to a money value, as love and affection, promise of marriage, etc., is to be wholly disregarded, and the entire value of the property transferred constitutes the amount of the gift." In the alternative, the Tax Court was of the view that if Mrs. More's loss of her trust income rather than the marriage was consideration for the taxpayer's transfer of his stock to her, he is not relieved from the tax because he did not receive any money's worth from Mrs. More's relinquishment of her trust income, and, in any event, the actual value of her interest in the trust, subject to fluctuations of its stock earnings, was not proved. One member of the Tax Court dissented, deeming that the gift tax legislation invoked ordinary contract conceptions of "consideration."

The Circuit Court of Appeals rejected this line of reasoning. It found in the marriage agreement an arm's length bargain and an absence of "donative intent" which it deemed essential: "A donative intent followed by a donative act is essential to constitute a gift; and no strained and artificial construction of a supplementary statute should be indulged to tax as a gift a transfer actually lacking donative intent." 144 F. 2d 78, 82.

Sections 501 and 503 are not disparate provisions. Congress directed them to the same purpose, and they should not be separated in application. Had Congress taxed "gifts" *simpliciter,* it would be appropriate to assume that the term was used in its colloquial sense, and a search for "donative intent" would be indicated. But Congress intended to use the term "gifts" in its broadest and most comprehensive sense. H. Rep. No. 708, 72d Cong., 1st Sess., p. 27; S. Rep. No. 665, 72d Cong., 1st Sess., p. 39; cf. *Smith* v. *Shaughnessy,* 318 U. S. 176; *Robinette* v. *Helvering,* 318 U. S. 184. Congress chose not to require an ascertainment of what too often is an elusive state of mind. For purposes of the gift tax it not only dispensed with the test of "donative intent." It formulated a much more workable external test, that where "property is transferred for less than an adequate and full consideration in money or money's worth," the excess in such money value "shall, for the purpose of the tax imposed by this title, be deemed a gift . . ." And Treasury Regulations have emphasized that common law considerations were not embodied in the gift tax.[1]

To reinforce the evident desire of Congress to hit all the protean arrangements which the wit of man can devise that are not business transactions within the meaning of ordinary speech, the Treasury Regulations make clear that no genuine business transaction comes within the purport of the gift tax by excluding "a sale, exchange, or other transfer of property made in the ordinary course of business (a transaction which is *bona fide,* at arm's length, and free from any donative intent)." Treas. Reg. 79 (1936 ed.) Art. 8. Thus on finding that a transfer in the

---

[1] Treas. Reg. 79 (1936 ed.) Art. 1: *"Imposition of tax.—* . . . The tax is not limited in its imposition to transfers of property without a valuable consideration, which at common law are treated as gifts, but extends to sales and exchanges for less than an adequate and full consideration in money or money's worth."

circumstances of a particular case is not made in the ordi- .
nary course of business, the transfer becomes subject to
the gift tax to the extent that it is not made "for an ade-
quate and full consideration in money or money's worth."
See 2 Paul, Federal Estate and Gift Taxation (1942) p.
1113.

The Tax Court in effect found the transfer of the stock
to Mrs. More was not made at arm's length in the ordi-
nary course of business. It noted that the inducement was
marriage, took account of the discrepancy between what
she got and what she gave up, and also of the benefit that
her marriage settlement brought to her son. These were
considerations the Tax Court could justifiably heed, and
heeding, decide as it did. Its conclusion on the issue
before it was no less to be respected than were the issues .
which we deemed it was entitled to decide as it did in
*Dobson* v. *Commissioner,* 320 U. S. 489, *Commissioner* v.
*Heininger,* 320 U. S. 467, *Commissioner* v. *Scottish Amer-
ican Co.,* 323 U. S. 119.

If we are to isolate as an independently reviewable
question of law the view of the Tax Court that money
consideration must benefit the donor to relieve a transfer
by him from being a gift, we think the Tax Court was
correct. See *Commissioner* v. *Bristol,* 121 F. 2d 129.
To be sure, the Revenue Act of 1932 does not spell out a
requirement of benefit to the transferor to afford relief
from the gift tax. Its forerunner, § 320 of the 1924 Act,
43 Stat. 253, 314, was more explicit in that it provided
that the excess of the transfer over "the consideration
received shall . . . be deemed a gift." It will hardly be
suggested, however, that in re-imposing the gift tax in
1932 Congress meant to exclude transfers that would have
been taxed under the 1924 Act. The section taxing as
gifts transfers that are not made for "adequate and
full [money] consideration" aims to reach those transfers
which are withdrawn from the donor's estate. To allow

detriment to the donee to satisfy the requirement of "adequate and full consideration" would violate the purpose of the statute and open wide the door for evasion of the gift tax. See 2 Paul, *supra,* at 1114.

*Reversed.*

MR. JUSTICE ROBERTS dissents, and would affirm the judgment for the reasons given in the opinion of the Circuit Court of Appeals.