William Rosenwald v. Commissioner.
Rosenwald v. Commissioner
Docket No. 3297.
United States Tax Court
1945 Tax Ct. Memo LEXIS 191; 4 T.C.M. (CCH) 549; T.C.M. (RIA) 45181; May 21, 1945
*191 Relinquishment of marital rights by wife in property of her husband does not constitute "adequate and full consideration" within the meaning of the gift tax provisions. Merrill v. Fahs, 324 U.S. 308 (March 5, 1945); Commissioner v. Wemyss, 324 U.S. 303 (March 5, 1945). P.I.B. Lavan, Esq., 61 Broadway, New York, N. Y., and Albert A. Jones, Esq., National Press Bldg., Washington, D.C., for the petitioner. Conway Kitchen, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent has determined a deficiency in the petitioner's gift tax liability for the calendar year 1941, in the amount of $134,023.69. The sole question involved is whether the petitioner is subject to gift tax upon a transfer of $500,000, paid in cash, pursuant to an indenture of trust executed on January 25, 1941. The facts have been stipulated by the parties and are found accordingly. In so far as here material they are set out below. Findings of Fact Petitioner is an individual residing at East Portchester, Greenwich, Connecticut, with an office and place of business in New York, New York. The Federal gift tax return here involved *192 was filed with the collector for the third collection district of New York. On June 3, 1938, prior to their marriage, petitioner and Mary Kurtz entered into a written ante-nuptial agreement which provided, among other things, for the waiver by Mary Kurtz of all right in and to the settlor's property or estate in consideration of an agreement by the settlor to set up a trust for her by his will or to make gifts to her outright, or to a trust, the income of which she would be entitled to during her lifetime, if the contemplated marriage took place. The petitioner and Mary Kurtz were married on June 12, 1938, and at all times after their marriage the petitioner and Mary Kurtz have lived together as husband and wife and he has provided for the support and maintenance of his wife. Children were born of their marriage on August 21, 1941 and December 7, 1943, which children still survive. The material provisions of the ante-nuptial agreement of June 3, 1938, which are here of importance, are found in paragraphs one and eight of said agreement, as follows: "(1) Said Rosenwald agrees in and by his Will to set up a Trust for said Kurtz (if said Kurtz survives said Rosenwald as said Rosenwald's *193 widow) (a) in an amount equal to one-third of the net value of Rosenwald's Estate, provided such one-third is not less than $150,000 nor more than $500,000; or (b) if such one-third of said Rosenwald's Estate is less than $150,000, in the amount of $150,000; or if said one-third of Rosenwald's Estate is more than $500,000, in the sum of $500,000. By "net estate" is meant Rosenwald's property which passes under his Will, valued as of the date of distribution to said Trust to the Trustees for Kurtz by the Executors of said Will, after deducting the sum total of (1) all funeral and administration expenses of Rosenwald's Estate and (2) all debts and all taxes and assessments of every kind, nature or description, payable by or out of Rosenwald's Estate, but without including as assets of said Estate any income of said Estate earned, accrued or received between the date of death and the date of distribution by said Executors. It is agreed that Rosenwald's Will may set up said Trust by delivering to the Trustees cash and/or securities which form part of the Estate and are held by the Executors at the time of distribution by them. The value of Rosenwald's net estate and the value of the securities *194 which may be delivered by the Executors to the Trustees, as determined in the final accounting of the Executors of Rosenwald's Estate, shall be conclusive and binding on all parties. "(8) The said Kurtz agrees to accept the provisions for her benefit herein provided for inlieu of and in full release and discharge of any and all rights that she has or may at any time have in and to Rosenwald's property or estate or any part thereof, under the laws of any State or any country, including, but not limited to, dower rights, rights to community property, rights to elect to take against Rosenwald's will, or rights to allowance for support during administration of husband's estate, of all of which Kurtz has been fully informed by her attorney. The said Kurtz agrees that the said Rosenwald shall and may own and hold all real and personal property, wheresoever located, free from any rights of Kurtz's to dower or to community property or to any other or different interests of hers, vested, contingent or inchoate; and Kurtz agrees at any time and at all times, at Rosenwald's request, to join in any and all conveyances, transfers, mortgages, leases, and to execute any and all instruments or papers *195 requested by Rosenwald in connection with buying, owning, holding, exchanging, mortgaging, pledging, selling, leasing, or otherwise disposing of or dealing with any and all of Rosenwald's property, real or personal, freed of any rights or interests therein that she may have or may be entitled to at any time. To effectuate this agreement on Kurtz's part, she hereby irrevocably appoints Rosenwald her attorney-in-fact for her and in her name, place and stead, to execute any and all such instruments and papers with full power of substitution by Rosenwald, hereby ratifying and confirming everything that Rosenwald may do or cause to be done by virtue hereof." On June 17, 1938, petitioner and his wife executed an agreement relating to paragraph three of the ante-nuptial agreement, which is not here material. On January 25, 1941, a trust indenture was executed by petitioner, as settlor, his wife, and Lessing J. Rosenwald, and Peter I. B. Lavan as trustees. After referring to the ante-nuptial agreement of June 3, 1938, the trust instrument provides: "WHEREAS, it is the intention and agreement of the Settlor and of MARY KURTZ ROSENWALD that this indenture and agreement shall be made and *196 accepted in complete fulfillment of the obligations of the Settlor under said antenuptial agreement, but that the Settlor's obligation to continue to support his wife pursuant to law shall not be impaired or in any wise affected by this indenture and agreement, and that the Settlor has made and will continue to make adequate provision for such support in addition to the provisions made by this indenture for payment of income and/or principal to the said MARY KURTZ ROSENWALD; "NOW, THEREFORE, IN CONSIDERATION of the execution and delivery by the said MARY KURTZ ROSENWALD to the Settlor of the document attached hereto marked Exhibit B and made part hereof, providing for the acceptance by her of this indenture and agreement in fulfillment of all her rights under the said antenuptial agreement designated Exhibit A, and in consideration of the mutual covenants of the parties hereto, the Settlor and Trustees do hereby AGREE as follows: - (All further provisions of the instrument deal with the terms and conditions of the trust)." Under this trust indenture the petitioner agreed to transfer $500,000 in trust, the net income from which was to be paid to his wife during her lifetime. Upon *197 the death of the wife the trust was to terminate and the trustees were directed to deliver the corpus of the trust to such surviving issue of the wife as she might appoint by her last will and testament, or in default of such appointment to her surviving issue, or in default of surviving issue to her brothers and/or their issue as she shall appoint, or in default of such appointment to three named brothers and their issue. A majority of the trustees had the right at any time during the lifetime of the said wife to pay over and deliver to her the whole or any part of the corpus of the trust. The trust could not be revoked by the settlor. On January 25, 1941, the petitioner and his wife executed the agreement which was referred to as Exhibit B in the trust indenture of the same date. The latter agreement provided that the wife accepted the trust indenture of January 25, 1941, and the establishment of the trust provided thereunder "in complete fulfillment of all agreements and obligations undertaken by William Rosenwald pursuant to the said ante-nuptial agreement," and that the said wife "herewith releases William Rosenwald of all liability assumed by him under such ante-nuptial agreement. *198 " It was further provided that the wife accepted the establishment of the trust "in lieu of and in full release and discharge of any and all rights that she has or may at any time have in and to William Rosenwald's property and estate or any part thereof, under the laws of any State or any country, including but not limited to dower rights, rights to community property, rights to elect to take against William Rosenwald's will * * *." The instrument provided that petitioner's obligations to continue to support his wife, Mary Kurtz Rosenwald, pursuant to law, should not in any way be impaired or affected by the agreement or by the trust indenture, and the petitioner agreed that he would continue to make adequate provision for such support in addition to the provisions made by the trust indenture for the payment of income and/or principal to his wife. Simultaneously with the execution of the trust indenture and the agreement, the petitioner paid over to the trustees under the trust indenture sums aggregating $500,000 in cash. The respondent has determined that the transfer of the money to the trust constituted a taxable gift within the purview of Chapter 4 of the Internal Revenue Code. *199 Opinion ARUNDELL, Judge: The controversy is confined to the question of whether the agreement by petitioner's wife to relinquish her marital rights in his property or her agreement to release him from whatever obligations he may have had under the terms of the ante-nuptial agreement constituted less than adequate and full consideration within the meaning of section 1002 of the Internal Revenue Code[1] for the transfer of $500,000 by the petitioner to the trustees. Two recent decisions of the Supreme Court of the United States control the disposition of this matter. Merrill v. Fahs, 324 U.S. 308 (March 5, 1945) and Commissioner v. Wemyss, 324 U.S. 303 (March 5, 1945). In the Merrill case it was held *200 that a release of dower and other marital rights in consideration of marriage is not "adequate and full consideration" within the meaning of the gift tax provisions, and in the Wemyss case the court held that a transfer of stock for the purpose of indemnifying a prospective wife against loss of property rights in consequence of remarriage was not made for an "adequate and full consideration" and consequently that transfer constituted a gift within the meaning of the statute. As the facts in the instant case clearly bring it within the holdings in the Merrill and Wemyss cases decision must go for the Commissioner. Decision will be entered for the respondent. Footnotes
1. SEC. 1002. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION. Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.↩