CLARENCE B. MITCHELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3889.   Promulgated January 31, 1946.

*Robert F. Graham, Esq.,* and *James A. Velde, Esq.,* for the petitioner.
*Harold H. Hart, Esq.,* for the respondent.

162

OPINION.

Black, *Judge*: The Commissioner in his determination of the deficiency in petitioner's gift tax for the calendar year 1941 increased the value of some of the securities which petitioner had reported in his gift tax return. Also, the Commissioner added to the value of the gift as reported by petitioner the value of the life interest which petitioner had conveyed in trust for his former wife, Marjorie K. Mitch-

ell. By an amended answer he seeks to include in the taxable gifts made by petitioner to his former wife the value of the household furniture and fixtures and the California improved real estate and the cash surrender value of a life insurance policy transferred outright by petitioner to his former wife. The values of all these properties, including the value of the wife's life estate in the securities transferred in trust and the value of the remainder interest of petitioner's four children, have been agreed upon by the parties in the stipulation which has been filed. There is, therefore, no issue before us as to values. Petitioner concedes he is taxable on the gift of the remainder interest of his four children and there is, therefore, no issue on that score.

The only issue we have to decide is whether taxable gifts were made by petitioner when, pursuant to a settlement agreement which was expressly approved in the decree of divorce and merged into the decree, he created a life interest in a trust for the benefit of his former wife and transferred other property to her outright in order to obtain the discharge of his obligation to support her. The applicable statute and regulations are printed in the margin.[1]

Petitioner, in support of his contention that the life interest in certain securities which he transferred in trust for the benefit of his wife and the property which he transferred to her outright in the divorce settlement were not gifts with any donative intent, but were a settlement arrived at in an arm's length transaction after much negotiation, cites and relies upon *Herbert Jones*, 1 T. C. 1207; *Lasker* v. *Commissioner*, 138 Fed. (2d) 989, and *Edmund C. Converse*, 5 T. C. 1014. We think these cases support petitioner's contention. That petitioner received a thing of real and substantial value when by reason of the transfers in question he was relieved of any further legal obligation to support his wife is apparent from the nature of the obligation. The duty of a husband to provide his wife with support and maintenance is not dependent upon contract or the ownership of property. It is a public duty owed to the state, as well as the wife,

---

[1] SEC. 1002 [I. R. C.]. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

SEC. 86.8 [Regulations 108]. *Transfers for a consideration in money or money's worth.*— Transfers reached by the statute are not confined to those only which, being without a valuable consideration. accord with the common law concept of gifts. but embrace as well sales. exchanges, and other dispositions of property for a consideration in money or money's worth to the extent that the value of the property transferred by the donor exceeds the value of the consideration given therefor. However. a sale. exchange, or other transfer of property made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth. A consideration not reducible to a money value. as love and affection, promise of marriage, etc., is to be wholly disregarded, and the entire value of the property transferred constitutes the amount of the gift.

with criminal sanctions frequently imposed by statute for violation. By obtaining the discharge of this legal obligation, the petitioner was relieved of making continuing cash expenditures for years to come. This, in our opinion, constitutes consideration in money or money's worth within the meaning of the statute printed in the margin and in no sense represents a gift.

Petitioner argues correctly, we think, that it would be an error to hold that payments made as directed by a court of competent jurisdiction for the support of the wife and without agreement constituted taxable gifts, and, since this is so, transfers agreed upon to avoid litigation but expressly approved and directed to be made by judicial order should not be considered taxable gifts. Petitioner further argues that, since the courts every day are determining the amounts to be paid in support money, it is also correct to say that the obligation to support is a thing which is reducible to a money value and in the great majority of cases is more likely to be correctly valued as a result of negotiations by the interested parties than by judicial determination. We think these arguments are sound.

In the instant case counsel who represented petitioner's wife in the negotiations for settlement testified at the hearing. His testimony was to the effect that, in reaching a figure as to what part of his property petitioner should transfer for the benefit of his wife in discharge of his legal obligation to support her, the attorneys took into consideration the amount she would need to live as she had been living, the amount of petitioner's income, the principal it would take in trust to produce the income which she needed, and the probable annual income that would be produced by the property placed in trust under the terms of settlement. It seems to us that it would be altogether unwarranted to hold that transfers made in such a settlement represent gifts with a donative intent.

Respondent in his brief does not discuss *Edmund Converse, supra,* and *Lasker* v. *Commissioner, supra.* He does discuss *Herbert Jones, supra,* and contends that that case was wrongly decided and should no longer be followed by this Court in view of the Supreme Court's later decisions in *Merrill* v. *Fahs,* 324 U. S. 308, and *Wemyss* v. *Commissioner,* 324 U. S. 303. In *Edmund C. Converse, supra,* we discussed these Supreme Court cases and pointed out why we did not think they were controlling in cases such as we had there and in the *Herbert Jones* case. We think it is unnecessary to repeat what we said in the *Converse* case in distinguishing *Merrill* v. *Fahs* and *Wemyss* v. *Commissioner.* It is sufficient to say that we think the same distinction applies here. Consequently, we decide the issue involved in favor of petitioner.

*Decision will be entered under Rule 50.*