WILLIAM H. GROSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5949. Promulgated September 23, 1946.

*Harry J. J. Bellwoar, Jr., Esq., Theodore G. Rich, Esq.,* for the petitioner.

*William H. Best, Jr., Esq.,* for the respondent.

## OPINION.

OPPER, *Judge*: From the beginning, consideration of the vexed question of family partnerships has assumed that there might be two sources of partnership income—capital and the personal services of the partners. In the income tax field, contributions of the latter in a "vital" or managerial capacity are acceptable as evidence of the reality of the business operation in the determination of taxability. See *Commissioner* v. *Tower*, 327 U. S. 280; *Lusthaus* v. *Commissioner*, 327 U. S. 293. Conversely, a business which relies for its income on the activity of one or some of the partners can not be employed as a device to shift the tax liability to others whose contribution is negligible or absent. *M. M. Argo*, 3 T. C. 1120; affd. (C. C. A., 5th Cir.), 150 Fed. (2d) 67; *W. M. Mauldin*, 5 T. C. 743.

Much of the difficulty in recent years has stemmed from the other type of earning—that attributable entirely or in the main to capital. Such tendency as there may have been to look only to the technicalities of title, and to view the requirements of the tax law as satisfied by the titular ownership of some part of the partnership's earning assets, has, it appears, now been terminated. We may regard it as settled that if a capital contribution is to be the sole reliance, it must at least originate with the putative partner and not come merely as a gift from the former proprietor. *Commissioner* v. *Tower*, *supra; Lusthaus* v. *Commissioner, supra.*

So far, of course, the present discussion has dealt with the income tax aspect of the partnership problem. Respondent does not here question the *bona fides* of the present partnership for income tax purposes, but contends, in effect, that a part of the partnership interest was acquired by gift, and that accordingly the gift tax applies. That result would appear logical only if the share of partnership earnings assigned to the newly created partners is in excess of the value of their services to the partnership, and if the surplus comes, not from the services of the remaining partners but from some asset of the business, not excluding good will, which can thus be treated as in part the subject matter of the transfer.

Even then, an ordinary business transaction in which one party got somewhat the worst of the deal should not be thought of as a gift. While a literal reading of section 1002, Internal Revenue Code, might appear to embrace any transaction in which the respective considerations were not evenly balanced,[1] respondent has not himself taken that

---

[1] Internal Revenue Code, sec. 1002, which in full, is as follows:

"Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year."

position, and by his regulations[2] has eliminated from the sweep of the statute transfers which are bona fide, at arm's length, and free from any donative intent. This Court has taken a similar view. *Herbert Jones*, 1 T. C. 1207.

But the language of the provision suffices to dispose of petitioner's principal argument that a gift can have no consideration whatever. It may still be a gift for tax purposes unless the consideration, if there be such, is full and adequate. The breadth of the gift tax, demonstrated by the statutory language[3] and the legislative history does not suggest the elimination of such transfers as are here involved. See *Smith* v. *Shaughnessy*, 318 U. S. 176. Aside from any question of value, an issue we shall consider in due course, there is no apparent reason why an interest in a going business can not be the subject of a gift like any other property. See *Florence S. Hyman*, 1 T. C. 911; aff'd. (C. A. A., 2d Cir.), 143 Fed. (2d) 425.

In the present case, the facts are perhaps less difficult to appraise than can generally be expected. One slight complication is introduced by the clause in the partnership agreement which reserves to petitioner the equivalent of all partnership capital contributed by him. From this it is left open to petitioner to argue that nothing material was given, but that what he had he retains. Granting the possibility of such a contention in other circumstances, it takes no undue penetration to perceive that the crucial asset of the business here was the trade name, good will, and formula of "Mazon" soap. That, from the capital standpoint, was what created the earnings. And that, under the agreement, must remain in the business even if petitioner withdraws. It follows that if we must isolate and identify what petitioner gave and the donees received, that can readily be done.

Other necessary elements are even more in evidence. The close family relationship supports inferences both of a lack of adequate consideration and of a donative intent. See *Hoyt* v. *Commissioner* (C. C. A., 2d Cir.), 145 Fed. (2d) 634; Paul, Federal Estate and Gift

---

[2] Regulations 108—
"Sec. 86.8. Transfers for a Consideration in Money or Money's Worth.—Transfers reached by the statute are not confined to those only which, being without a valuable consideration, accord with the common law concept of gifts, but embrace as well sales, exchanges, and other dispositions of property for a consideration in money or money's worth to the extent that the value of the property transferred by the donor exceeds the value of the consideration given therefor. However, a sale, exchange, or other transfer of property made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth. A consideration not reducible to a money value, as love and affection, promise of marriage, etc., is to be wholly disregarded, and the entire value of the property transferred constitutes the amount of the gift."

[3] Internal Revenue Code, sec. 1000 (b) :
"The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible ; * * *"

[4] H. Rept. 708, 72d Cong., 1st sess., p. 27 ; S. Rept. 665, 72d Cong., 1st sess., p. 39 ; and see *Commissioner* v. *Wemyss*, 324 U. S. 303.

Taxation, vol. 2, p. 1076. Nothing appears in the record to justify concrete findings as to the contribution made by the Eckerts, its precise nature, its value, or its function in the partnership's organization. But if, even in the absence of evidence we speculate as to the purposes of the transaction, the assumption that the services of the Eckerts were of some value to the business advances us little. Although their previous compensation, presumably for the same services, had run to around $20,000 to $35,000 annually, they received between them a 20 per cent interest in earnings, which, for the current year, and excluding officers' salaries, were upward of $370,000 and, for the first year of the new arrangement, netted them over $100,000. It is not unreasonable to suppose that some part of the increase flowed from the newly acquired interest in the business itself and its principal asset, and that this, being inadequately supported by any consideration, was to some extent a gift.

We are compelled on the present record to dispose of the primary issue accordingly in favor of respondent. The value of the gift upon our conclusion that one was made is not in question, the amount having been agreed upon by stipulation of the parties. Cf. *Robert P. Scherer*, 3 T. C. 776.

This is said by the parties to be a case of first impression. There has been no long history of legislative or administrative action to impress upon taxpayers the obligations imposed by transactions of this nature. Petitioner acted upon the advice of counsel in failing to file a timely gift tax return. Under such circumstances we think there was "reasonable cause" and that the penalty need not attach. *Agricultural Securities Corporation*, 39 B. T. A. 1103; affirmed per curiam (C. C. A., 9th Cir.), 116 Fed. (2d) 800.

Reviewed by the Court.

*Decision will be entered under Rule 50.*