ESTATE OF HAROLD LOVELAND, HATTIE F. LOVELAND, EXECUTRIX, PETI-
TIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16924.   Promulgated July 6, 1949.

*Edward W. Raye, Esq.,* for the petitioner.
*Leo C. Duersten, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner contends that an agreement on the part of a wife to take care of her husband would be null and void under the laws of Massachusetts, and for this and other reasons the petitioner has failed to show that the wife acquired her interest in the jointly held property from the husband for a full and adequate consideration in money or money's worth within the meaning of section 811 (e) (1) of the Internal Revenue Code. The cases cited by the Commissioner show, and the petitioner concedes, that a contract of that kind would have been null and void under the laws of Massachusetts. However, there are cases in which a contract, void under state law, is, nevertheless, recognized for Federal tax purposes. Those cases can be distinguished from the present case because they did not deal with services which might ordinarily be performed as a marital duty.

The petitioner argues that the wife was under no legal obligation to render such services as she actually rendered to her husband, and that the performance of those services by her constituted an adequate and full consideration in money or money's worth for her acquisition of an equal interest with her husband in the property held jointly at the time of his death. The contract was never reduced to writing and the record does not show in detail just what understanding the parties had. There is some evidence to indicate that the decedent never intended to pay his wife anything during his lifetime, but merely intended to leave her something under his will to compensate her for the care which she had given him. Actually he did not pay her anything during the first 32 years, and then he merely placed some money in joint bank accounts. There is nothing to indicate that the wife ever regarded those deposits as receipt of income taxable to her. However, the petitioner must fail in this case, even though the record shows that there was a definite agreement under which the decedent was to pay his wife $12.50 a week during her life and the deposits in the joint accounts were fulfillments of his promise.

Services performed by a wife under a marriage contract do not represent consideration in money or money's worth within the meaning of section 811 (e) (1). Cf. *Commissioner* v. *Wemyss*, 324 U. S. 303; *Merrill* v. *Fahs*, 324 U. S. 308; *Estate of Hugo Goldsmith*, 36 B. T. A. 1201, involving filial duties. The decedent and his wife entered into a marriage contract in 1893 and it continued in effect until his death. Many wives, feeling bound by such a contract, have taken full care of invalid husbands without demanding, expecting, or receiving any compensation in money. Some such action on their part is frequently necessary where family funds are limited. The decedent had only $26,000 of assets in 1897. He, his wife, and their child had no other

source of income. He and his wife knew that he could not afford to pay a nurse for as much time as he felt he would have to be attended by a nurse. The wife had either to take care of him herself, let him do without a nurse, or exhaust his limited supply of money and then put him in a public institution. She chose to take care of him herself and he said he would give her $12.50 a week if she took care of him "to the end." The petitioner has failed to show where the wife's duties under her marriage contract ended and the money value, if any, of services rendered by her beyond those required by the marriage contract. No cases directly in point have been cited by either party. The case of *Estate of Sarah A. Bergan*, 1 T. C. 543, is distinguishable because it involved sisters who owed no duty to each other, and, for somewhat similar reasons, the case of *Nashville Trust Co.* v. *Commissioner*, 136 Fed. (2d) 148, is distinguishable. The wife's interest in the jointly held property was acquired directly from the decedent, but it was not acquired for a full and adequate consideration in money or money's worth.

*Decision will be entered for the respondent.*