## DU PONT v. UNITED STATES.
### Civ. A. Nos. 1268, 1270.

United States District Court
D. Delaware.
May 2, 1951.

Charles F. Richards (Richards, Layton & Finger), of Wilmington, Del. and Percy W. Phillips (Ivins, Phillips & Barker), of Washington, D. C., for plaintiff.

William Marvel, U. S. Atty., and Francis A. Reardon, Asst. U. S. Atty., of Wilmington, Del., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, Paul S. McMahon, and Frederic G. Rita, Sp. Assts. to Atty. Gen., all of Washington, D. C., for defendant.

RODNEY, District Judge.

Civil Action No. 1268 is an action seeking to recover an allegedly illegal assessment of a gift tax for the year 1945. The facts and contentions are somewhat unusual. For the calendar year 1945 the plaintiff made his personal income tax return in which he included as a deductible contribution the sum of $6,000, paid to "National Economic Council," thereby decreasing the income tax as computed in that return. In the light of subsequent events it is not clear what adjustment was made of the personal income tax return, nor is that question here particularly relevant. I am not concerned with the

personal income tax return as such, and it is here only material as indicative of the intent and understanding of Mr. duPont as to the nature of the payment of the $6,000 to "National Economic Council" at the time the income tax return was made. The present questions grow out of the gift tax return.

For the calendar year 1945 Mr. duPont also made a gift tax return in which he included the payment of $6,000 he had made to National Economic Council, and also included this payment under Schedule B of such return as a deduction for "Charitable, Public and Similar Gifts."[1]

After audit of the gift tax return, the Commissioner held that the "National Economic Council" was not such a corporation as would permit a deduction within the meaning of Section 1004 and made an assessment on that basis for such part of such payment as exceeded the sum of $3,000. On October 18, 1948, the plaintiff paid this 1945 gift tax assessment with interest.

On June 16, 1949, the plaintiff filed a claim for refund of the tax paid, alleging that the payment made to "National Economic Council" was not, in fact, a gift at all, but was a payment to that corporation for services "to be performed by them as experts in the field of monetary, business and political conditions in the United States and elsewhere, warning against dangers and encouraging soundness."

This claim for refund was rejected, and this suit was brought for the recovery of the amount of the claimed refund which had been denied.[2]

---

1. 26 U.S.C.A. § 1004, and Sec. 86.13 Treasury Regulations 108, provide that in determining the net gifts of a given calendar year, there may be deducted such gifts as were made to (inter alia) "any corporation, trust, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, provided no part of the net earnings of such organization inures to the benefit of any private shareholder

or individual, and no substantial part of its activities is carrying on propaganda, or otherwise attempting, to influence legislation: * * *."

2. No exact amount of the claimed refund has been herein mentioned for the following reason. In 1945 the plaintiff, in addition to a payment of $6,000 to "National Economic Council," also made a payment of $4,000 to "American Action." Deductions were claimed for both payments in the gift tax return for 1945, and the same action was taken with regard to both payments. Assessments

To avoid any confusion as to deductability of the transfer (which is not here claimed), one might consider the case as if no mention had been made of the transfer in the income tax return and no gift tax return had been made. The case then may be considered as if the Government, having heard of the transfer, brought suit for the gift tax and the only question was the liability for the gift tax.

The jurisdiction of the court is invoked pursuant to the Statutes set out in the footnote,[3] and there seems to be no question of limitation of action.

The plaintiff, a retired executive, is a man of large means and many investments, and enjoys a very substantial income. From his testimony it clearly appears that the economic trends of the country gave him concern, and the amount of personal income and estate taxes, the amount of governmental expenditures and the extent of governmental control over business were all elements which, in his opinion, affected the security of his investments. The plaintiff had known of the "National Economic Council" for many years and felt that its objectives would further the general welfare, including his own, and so he made the transfers here involved.

The National Economic Council is a corporation of the State of New York. Its purposes, in the language of its president, are, "to preserve private enterprise, private property and private initiative and American independence." It maintains a speakers bureau, and issues a number of publications which are sent to subscribers, members of Congress, writers, commentators and others. It makes appearance before committees of Congress and seeks, and claims, to influence legislation by the adoption or rejection of pending measures.

The sole question for my determination is whether the transfer here involved was a "gift." It is not contended that the transfer was an "ordinary and necessary business expense" such as to qualify as a deduction and, while the transfer lacks precise definition, it is now claimed that it was not a gift but a nondeductible expenditure having for its object the improvemnemt of the economy of the country and thus of benefit to the transferor.

It seems that the plaintiff, at the time he made the transfer, considered it as a gift. He included it in his gift tax return, filed March 15, 1946, but claimed that it was deductible. It was not until the transfer was held not to be a deductible gift and on June 16, 1949, that it was first contended that the transfer was not a gift at all. However, this attitude of the taxable seems to be quite immaterial.

Congress, by Statute,[4] has defined the nature of a gift subject to the tax. In construing the act it has been held that: "Section 503 [now 26 U.S.C.A. § 1002], providing that a transfer shall be deemed a gift unless the transferor receives full and adequate consideration in money or money's worth, appears to mean that any transfer of property is to be treated as a gift to the extent that the transferor does not receive in return an adequate and full equivalent in money or something which can be valued in money."[5]

Treasury Regulation 108, by Section 86.8, provides, in part: " * * * a consideration not reducible to a money value * * * is to be wholly disregarded and the entire value of the property transferred constitutes the amount of the gift."

Concededly, the plaintiff received no direct and personal consideration for the

were made on the combined figures of the payments to the two corporations and refund as to both was denied. At the trial, however, no testimony was advanced as to "American Action" and that portion of the claim was tacitly abandoned. The exact amount of the claimed refund attributable to the payment to National Economic Council, alone, does not appear.

3. Internal Revenue Code, 26 U.S.C.A. § 1027, and 28 U.S.C.A. § 1346.

4. 26 U.S.C.A. § 1002.

5. Commissioner of Internal Revenue v. Bristol, 1 Cir., 121 F.2d 129, 133; Commissioner v. Wemyss, 324 U.S. 303, 307, 65 S.Ct. 652, 89 L.Ed. 958.

transfer which may be accurately reduced to a money value. It is true that the plaintiff considers that from improved economic conditions of the country he has profited to a much greater extent than the amount of the transfer. To what extent, if any, this improved economy is attributable to the activities or efforts of National Economic Council is impossible to determine. Nothing has been shown that may be attributable to it alone. Any consideration or benefit received by the plaintiff was not a benefit accruing to him alone, but one enjoyed by every citizen of the country, although the extent of benefit would have a direct relationship to the amount of property affected by improving economic conditions.

The National Economic Council was not an employee of the plaintiff. The plaintiff had no control over its activities or its policies, and if he lost sympathy with those activities or policies, his sole recourse, it would seem, would be to refuse to renew his subscription for a succeeding year. In no sense would the transfer seem to be an ordinary business expense of the transferor; in no sense would it seem to be a payment for services where the return has either a direct or recognizable connection with the payment.

Somewhat analogous to the present transfer would be a transfer of a taxable amount of over $3,000 to a political party having the same economic views as a prospective transferor. Of even closer analogy would be the transfer of a taxable amount of over $3,000 to a great metropolitan journal as a moulder of public opinion whose policies and views were in accord with those of the transferor.

The matter would seem clearer had the subscription been much larger. The amount, however, in excess of $3,000 would seem largely immaterial. In order to somewhat control the disposition of an estate or assets of a person while living and to prevent income tax avoidance through reducing yearly income and thereby escaping the effect of progressive surtax rates,[6] Congress has seen fit to make the gift tax supplementary to other tax acts and to make taxable all transfers involving in excess of $3,000 where the transfers are for less than an adequate and full consideration in money or money's worth.

Believing that the transfer in this case is a transfer in a taxable amount and was not based upon a consideration determinable with any exactitude whatever in money or money's worth, I am forced to the conclusion that the transfer was a gift and subject to the gift tax, and judgment must be given for the defendant.

The present action (Civil Action No. 1268) concerns the gift tax return for the year 1945. A similar action (Civil Action No. 1270) concerns the gift tax return for the year 1946. The cases are entirely similar except for the amounts of the payments or transfers (being $6,000 for 1945 and $11,000 for 1946). All other facts and legal principles being common to both cases, this opinion and the findings of fact and conclusions of law filed herewith are applicable to each action.

An appropriate order may be submitted.

---

6. Smith v. Shaughnessy, 318 U.S. 176, 179, 63 S.Ct. 545, 87 L.Ed. 690.