RUBY G. GRIGG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27471. Promulgated May 22, 1953.

---

[3] SEC. 1622. INCOME TAX COLLECTED AT SOURCE.

*Charles J. Beise, Esq.*, for the petitioner.
*Melvin Bruck, Esq.*, for the respondent.

424

OPINION.

RICE, *Judge:* This case presents a somewhat different problem from the usual case of this type in that here the transfer of property was from the wife to the husband and, in addition, it was purportedly transferred by a document called a Bill of Sale and Deed of Gift a few days prior to the execution of the property settlement agreement.

The respondent argues that this is not a transfer of property under a settlement agreement which was subsequently incorporated in a decree of divorce and that a long line of cases decided by this Court, together with the case of *Harris* v. *Commissioner*, 340 U. S. 106 (1950), are not in point. He states that the Deed of Gift evidencing the transfer did not recite any adjustment of marital rights or marital property interests as consideration; that the transfer was without consideration other than a nominal monetary consideration; that petitioner was not satisfying or adjusting any legal obligation to her husband imposed upon her by law; that this circumstance, peculiar to this case, differentiates it from the numerous instances of husband-to-wife transfers dealing with alimony, support money, etc., which are typical objects of judicial determination or affirmation. He further contends that the Deed of Gift is complete and absolute on its face; is not contingent or conditional upon any external factor, condition, or happening; and that it specifies its own means of execution by a power of attorney clause. He concludes by stating that the Deed of Gift is plainly a

transfer taxable as a gift—a transfer of property for less than an adequate and full consideration in money or money's worth.[1]

The petitioner argues that the execution and delivery of the Bill of Sale and Deed of Gift was not a single, complete, isolated event but that it was a part of the efforts of the parties to effect a divorce and property settlement. She states that the situation here poses a problem containing all of the strong elements of *Harris* v. *Commissioner*, *supra*, and falls within the rationale of that case. In the *Harris* case, the property settlement provided that (1) it was executed in order to effect a settlement of the respective property rights of the parties "in the event a divorce should be decreed," (2) it should be submitted to the divorce court "for its approval," and (3) the settlement should not become operative or binding on the parties unless a decree of absolute divorce should be entered in the then pending Nevada action. The Supreme Court held that the "source of rights" in the property in question there stemmed from the court decree of divorce and not from the settlement agreement of the parties and that it was, therefore, not a transfer subject to gift tax. This case poses no such problem as was before the Supreme Court in the *Harris* case, and we find it unnecessary to resolve petitioner's argument in this respect because, in our opinion, decision in this case must turn, not on the property settlement and the divorce decree, but on whether the promise of petitioner to transfer certain property to Orchard in return for his promise to execute a property settlement agreement agreeable to her was for adequate consideration.

"Adequate and full consideration in money or money's worth" appearing in section 1002 of the Code has been interpreted as having the same meaning as when it appears in section 812 (b)[2] of the Code.[3] This latter section states that relinquishment of marital rights shall not be considered as "adequate and full consideration in money or

---

[1] SEC. 1002. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

[2] SEC. 812. NET ESTATE.

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—

\* \* \* \* \* \* \*

For the purposes of this subchapter, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth."

[3] *Commissioner* v. *Wemyss*, 324 U. S. 303 (1945) ; *Merrill* v. *Fahs*, 324 U. S. 308 (1945).

money's worth." See *Harris* v. *Commissioner, supra*, and cases cited therein. Such cases are inapplicable in the instant facts because the Bill of Sale and Deed of Gift was not a property settlement. The instrument shows on its face that it is ambiguous, and we should, therefore, consider the facts and circumstances which led up to its execution. It is clear from the surrounding circumstances that petitioner executed the instrument in consideration for Orchard's promise to effect a property settlement. It is clear from such instrument that it contains no provisions setting up a property settlement or relinquishing any marital rights. Until such time as a property settlement agreement was executed by the parties, it would be impossible to say whether there would be a relinquishment of marital rights.

The facts in this case clearly show that the transactions between petitioner and Orchard were arm's-length transactions between two contracting parties with adverse interests. The petitioner refused to execute the document transferring back to Orchard the properties he had given her during their married life until she had been assured by Orchard's attorney that a property settlement agreement satisfactory to her would be worked out. The negotiations commenced on October 14, 1946, and culminated in a settlement agreement on October 23, 1946. The settlement agreement contained a provision that petitioner would "convey to husband all property heretofore given by Husband to Wife and now standing in Wife's name, save and except said sum of $25,000 hereinabove mentioned." On the same day, petitioner commenced an action for divorce, and a judgment and decree of divorce were entered 6 days later. Said decree approved the terms of the settlement agreement and incorporated them in the judgment and decree.

Under such circumstances, we conclude that the Bill of Sale and Deed of Gift constituted an agreement to transfer property by petitioner to Orchard in consideration of Orchard's promise to execute a property settlement agreement in favor of and agreeable to petitioner, and that such consideration constitutes an adequate and full consideration in money or money's worth.

In view of our conclusion on the first issue, it is unnecessary to decide the remaining issues.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

WITHEY, *J.*, concurs in the result.