CONSOLIDATED CIGAR CORPORATION, Appellant, *v.* THE REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1368.   Decided October 27, 1961.

---

724

*Córdova & González* and *Carlos Cebollero* for appellant. The respondent Registrar appeared by brief.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The registrar refused to record. He maintains that the contents of the deed constitute a gift and that the payment of the corresponding tax had not been established. From the present deed it appears that in September 1956, Pedro

Ferrer León, Inc., a domestic corporation, owed to Consolidated Cigar Corporation the principal sum of $127,770.81, default interest until April 2 of the said year, amounting to $15,957.78 [1] and another sum for accrued interest from this last date. To secure the entire sum owed as principal and interest, the debtor had pledged two promissory notes amounting to $100,000, guaranteed by a mortgage on a farm of six cuerdas located in the Cañabón Ward of Cayey, two other notes for $50,000 on the real property object of the contract the registration of which was refused; moreover, its principal stockholder had pledged most of his stock.

The parties reached an agreement which they reproduced in a public deed under the following terms and conditions: Consolidated waived the collection of the above-mentioned default interest, the debt being reduced to $127,770.81: the debtor corporation would transfer the real property appraised at $115,000, consisting of a parcel of land where four buildings with machinery for the manufacture of tobacco were located, of which $100,000 would be accredited to the afore-mentioned debt, and $15,000 would remain in possession of the creditor in order to pay the expenses involved in the transaction and the taxes owed on the real property for three years and the current one. For the remaining $27,770.81 the debtor would deliver a promissory note guaranteed by two mortgage notes which encumbered the farm of six cuerdas located in the Cañabón Ward; in turn, Consolidated would grant it an option of five years to reacquire the real property for $100,000 in addition to what it might have paid for taxes, plus half of the expenses incurred in the original transaction, and interest at 4½% until the sale of redemption. Pedro Ferrer León, Inc. was bound, in turn, if he reacquired the property and was later interested in

[1] Notwithstanding that it is made expressly clear in the deed that the sum of $15,957.78 corresponds to one year of interest, if the principal owed amounts to $127,770.81, there must be an error as to the period for which they are paid because otherwise the interest would be usurious.

selling it, to grant to Consolidated first option to reacquire it for $115,000. The parties further stipulated that during the period of option the debtor corporation could continue using three of the four buildings located on the acquired land.

Having presented the deed for registration, the decision denying record states:

"The registration of this document is denied after having examined others at page 188 of volume 114 of Cayey, property No. 4130, Inscription A, because it appears from the said document (paragraph (a) of the third clause) that upon the liquidation of the existing debt between the vendor Pedro Ferrer León, Inc. and the purchaser, Consolidated Cigar Corporation, which debt is the object of the deed, said purchaser condones part of said vendor's debt for the sum of $15,957.78 for interest of the year ending on April 2, 1956, and also the interest accrued, which amount is omitted, from said date until that of the execution of this deed, said remission constituting a gift inter vivos, pursuant to § 1 of Act No. 303 of April 12, 1946, as amended by Act No. 4 of February 16, 1955, without the liquidation and payment of the tax corresponding to said gift or exemption as the case may be, having been established, in accordance with § 12 of the cited Act, notwithstanding the requirements to that effect..."

Thus, the only question for decision in this appeal is whether the remission of default interest constitutes a gift subject to the corresponding taxation.

■ A gift is defined in § 558 of the Civil Code (31 L.P.R.A. § 1981), as "an act of liberality by which a person disposes gratuitously of a thing in favor of another who accepts it."

■ Upon considering the concept "thing" referred to in the afore-cited section, Puig Peña maintains in his *Tratado de Derecho Español*, Tome 4, Vol. 2, p. 166, that: "... gifts are not only the *real* gifts (which result in the enrichment by transferring the ownership of a thing); but the *obligational* gifts (which operate by creating a credit) and the *liberating* gifts (which operate by *extinguishing* an obli-

gation." (Author's emphasis.) Act No. 303 of 1946 (13 L.P.R.A. § 881) itself expressly establishes in § 1 that "gift also includes the remission in whole or in part of a debt or other obligation" but it also provides that "there shall not be considered to be gift ... (2) the cancellation of uncollectible debts..." Thus, it is clear that the application of this Act is not limited to the gift in the strict sense as defined by the Civil Code. *Blanco* v. *Registrar*, 70 P.R.R. 16 (1949).

██ Thus, liberating a person from an obligation con- stitutes a gift subject to payment of the corresponding tax, not only because Act No. 303 of 1946 expressly so provides, but because it is included within the concept of gift of our Civil Code. Now, what are the requisites for the remis- sion in part of a debt to constitute a gift? The main and basic requisite for a gift is liberality. A judgment of the Supreme Court of Spain of May 5, 1896 (79 *Jur. Civ.* 873) cited in 11 Scaevola, Civil Code 537 (Vol. 2, 1943) states:

"Whereas according to Article 618 of the Civil Code, a gift is an act of liberality by which a person disposes gratuitously of a thing in favor of another who accepts it in such a manner *that if the act is not gratuitous, in benefit of the donee,* if it is determined by the interest of the parties and NOT BY THE LIBERALITY of one of them, it lacks one of the requisites neces- sary to constitute a gift or be considered as such..." (Author's emphasis.)

When in the federal jurisdiction, where remission of a debt under the provisions of the gift tax is considered taxable (5 Mertens, Law of Federal Gift and Estate Taxation 19, § 34.01 (1959)), the problem is approached in determining when the remission of a debt constitutes a taxable gift, great importance is given to two factors. In order that a gift be considered taxable there should exist two circumstances: (a) intent to benefit the debtor and (b) absence of consideration. 5 Mertens, *op cit.*, § 34.01; Paul, Federal Estate and Gift Taxation § 16.07 (1942); Harris, Handling Federal Estate Taxes 568, § 417 (1959). It is considered that the can-

cellation of a debt which is part of a bona fide business transaction does not constitute a taxable gift under the federal law, Lowndes and Kramer, Federal Estate and Gift Taxes 651–52 (1956), and it is maintained that there is no gift if part of the debt is cancelled in order to recover part of the total debt. Warren and Sugarman, *Cancellation of Indebtedness*, 40 Colum. L. Rev. 1326 (1940). See, *Commissioner v. Wemyss*, 324 U.S. 303 (1945).

Lowndes and Kramer, *op. cit.* at p. 651, state:

"Where a creditor as part of an arm's length business transaction forgives a debt, it seems clear that he does not intend to make a gift of any part of the debt for which he fails to receive consideration, but that he is really exchanging the debt on what appear to him to be the most advantageous terms possible under the circumstances. If a man forgives a debt with the intention of making a gift to the debtor, there is no reason why this should not be treated as a taxable gift just like a gift of any other type of property.

"The compromise of a claim presents much the same problem as the forgiveness of a debt. If a person accepts less than the amount of his claim with the intention of making a gift to the person against whom he has the claim, this is a gift. If, however, the compromise is worked out on a business basis as part of an arm's length transaction without any donative intent, then it is not a taxable gift regardless of the adequacy of the consideration for the compromise.

■■■ We shall analyze the transaction of the deed in the light of the foregoing. In the first place, we must keep in mind that the existing relations between the two corporations were strictly commercial. The agreement was not made with the intention to benefit the debtor firm. There was valuable consideration because reciprocal pledges were stipulated (Judgments of October 2, 1918 (84 *Jur. Civ.* 630) and June 28, 1898 (144 *Jur. Civ.* 339), Scaevola, *op. cit.* at p. 536). We must bear in mind that Pedro Ferrer León, Inc. owed a substantial amount of money to Consolidated Cigar; that Pedro Ferrer León, stockholder of the debtor

corporation, had pledged most of the stock of that corpora-
tion as guarantee for the debt of that corporation; that he
had also pledged both mortgage notes guaranteed by two
real properties belonging to the debtor corporation; that
Pedro Ferrer León, Inc. was in arrears in the payment of
property taxes for a period of three years and the current
one, and that it owed interest on the principal corresponding
to the last two years at least. Before this situation, Con-
solidated chose not to demand from it the payment of the
interest, which in view of the existing economic picture the
debtor obviously could not pay, in exchange for the transfer
of an immovable for the manufacture of tobacco at a price
agreed upon in advance. If Consolidated would have fore-
closed in order to collect its credit, it would have had to take
care of all the expenses incurred in an action. However,
it obtained the property, substituting the guaranty of some
notes secured by some real properties that owed taxes for
three years and the current one, and deducted from its price,
by express agreement, an amount sufficient to pay these taxes,
and attorney's fees, as well as those of the expert who ap-
praised the property. If the debtor corporation decided to
assert its right to redeem the property, it had to pay what
Consolidated paid for taxes, legal expenses, etc. It clearly
appears from this situation that Consolidated did not remit
the interest due with intent to benefit Pedro Ferrer León,
Inc., but in order to obtain for the indebtedness a real prop-
erty devoted to the same business as the appellant and that
obviously it was a much better guaranty to have it under its
name even though Pedro Ferrer León, Inc. could redeem it
for the same price paid by Consolidated, plus the interest
agreed upon in advance. Consolidated did not remit the
interest due in order to benefit the debtor. In view of the
latter's economic situation they were practically worthless.
We have seen that the very law invoked by the registrar
provides that the cancellation of worthless debts does not

constitute a taxable gift. Moreover, as we have already seen, in this case there was a valuable consideration. The creditor obtained a better guaranty. What actually took place was a compromise. 8 Manresa, *Comentarios al Código Civil Español* 674 (1950). Consolidated remitted the interest in exchange for a better guaranty for the principal sum owed. And the debtor corporation was also bound that in case that it chose to assert its right to redeem the property within the period agreed upon, if during the following five years it decided to sell it, it was bound to give Consolidated preference and to sell for the price it was appraised in 1956. With these facts we cannot see how it can be maintained that on its face the deed appears to provide for a transfer of property for less than its fair value. *Cf. Blanco* v. *Registrar*, *supra*.

The decision appealed from will be reversed and the registration sought will be ordered.