**David W. CARSON and Marjorie E. Carson, Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 79–1303.**

United States Court of Appeals, Tenth Circuit.

Argued Nov. 21, 1980.

Decided March 2, 1981.

Scott I. Asner of Carson, Fields & Boal, Kansas City, Kan., for appellees.

Robert A. Bernstein, Washington, D. C. (Gilbert E. Andrews and Joan I. Oppenheimer, Attys., Tax Div., Dept. of Justice, and M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C., with him on the brief), for appellant.

Before McWILLIAMS, McKAY and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is an appeal pursuant to I.R.C. § 7482[1] from a decision of the United States Tax Court. Carson, the taxpayer,[2] made campaign contributions totaling $209,472.25 during 1967, 1968, 1970, and 1971. The taxpayer filed Federal Gift Tax returns for those periods but didn't report any of his political contributions. After reviewing such returns, the Commissioner

---

1. The statutory references herein are to the Internal Revenue Code of 1954, as amended and in effect during the periods in controversy, unless otherwise stated.

2. Both David W. Carson and his wife Marjorie E. Carson are named as petitioners in this appeal. As the Tax Court noted, however, the deficiencies charged against Marjorie E. Carson are a result of a "splitting" of transfers actually made by her husband, David W. Carson, under I.R.C. § 2513(a) which treats such transfers as made one-half by each spouse. For the purposes of this appeal, therefore, David W. Carson will be referred to as the taxpayer.

mailed a statutory notice of deficiency to the taxpayer. The taxpayer then brought an action for redetermination in the Tax Court. The Tax Court, with thirteen of its sixteen judges concurring, held that the political campaign contributions made by the taxpayer were not within the purview of the Federal Gift Tax. I.R.C. § 2501(a). *Carson v. Commissioner*, 71 T.C. 252 (1978). The Commissioner appeals that decision. We affirm.

The taxpayer is a practicing attorney in Kansas City, Kansas. The taxpayer's numerous campaign contributions were essentially of two types: (1) the taxpayer supported various local candidates for office by the direct payment of campaign expenses incurred by the candidate for such items as stationery, printing, stamps, advertising, media access, and the like; and (2) the taxpayer made direct contributions to the general campaign funds of three candidates for state-wide offices, some of which were disbursed at the direction of the taxpayer. The Tax Court summarized the significant background facts as follows:

We continue by recapitulating the key facts before us in order to carefully circumscribe the parameters of our holding. It is undisputed that we are considering run-of-the-mill campaign contributions (although in some instances relatively large ones). The largest portion of petitioner's support was on behalf of candidates for local office in Kansas City, Kans. Petitioner's support for local candidates was through the direct payment of campaign expenses for the printing and distribution of campaign literature, for advertising, and for media access. Funds for local candidates were disbursed only at petitioner's direction and under his control.

Petitioner also contributed significant amounts to the campaign funds of candidates for the State offices of attorney general and Governor. Some of the money expended on behalf of the candidates for State offices was incurred and disbursed at the direction of petitioner, while other funds were simply transferred to the general campaign fund of the candidate involved. Petitioner was well acquainted with only one of the candidates he supported. 71 T.C. at 258. (Footnote omitted.)

In the Tax Court the Commissioner argued that the taxpayer transferred funds for the benefit of political candidates, and received no consideration reducible to money or money's worth, and that such transfers were taxable as a gift. The taxpayer contended, *inter alia*, that the history of the gift tax compelled the conclusion that it was never intended to and does not encompass the type of political contributions made by the taxpayer. As indicated, the Tax Court agreed with the taxpayer's position, as do we.

On appeal, the Commissioner urges four grounds for reversal: (1) taxpayer's campaign contributions are taxable gifts because they were not made for consideration in money or money's worth as required by I.R.C. § 2512(b); (2) the transferor need not have a donative intent in order for a transfer to be taxable; (3) the Tax Court's holding is inconsistent with other provisions of the Internal Revenue Code; and (4) imposing a gift tax on taxpayer's campaign contributions effectuates the intent of Congress. We shall briefly consider each of these arguments.

Carson testified in the Tax Court that he made the campaign contributions here involved for his own economic advantage. Carson owned considerable oil and gas properties, as well as agricultural property, and he stated that he supported only those candidates for political office who he felt would follow policies which would further his best business interests. In this regard, the Commissioner argues that such does not constitute "adequate and full consideration, in money or money's worth" as required by I.R.C. § 2512(b). As we read the Tax Court's opinion, however, the Tax Court chose not to base its ultimate decision on the ground that the taxpayer received adequate consideration in return for his political contribution. In this regard, we do note, as did the Tax Court, that such was

the rationale of the Fifth Circuit's decision in *Stern v. United States*, 436 F.2d 1327 (5th Cir. 1971). The Tax Court indicated quite clearly that it preferred to rest its holding on "broader grounds" than those relied on in *Stern*.

■ The Commissioner next argues that it is not necessary that a transferor have a donative intent in order for the transfer to be taxable as a gift. *Commissioner v. Wemyss*, 324 U.S. 303, 306, 65 S.Ct. 652, 654, 89 L.Ed. 958 (1945). Such is no doubt the correct rule,[3] but, at the same time, an *absence* of donative intent is relevant under Treasury Regulation in determining whether a transfer is made in the ordinary course of business.[4] We do not understand the Tax Court's holding to be that the taxpayer had to have a subjective donative intent before the gift tax could apply.

The Commission also argues that the taxpayer's position is inconsistent with other provisions of the Code.[5] If such be so, we would simply note that the Commissioner's position in the present case is also subject to the same charge.

■ As we understand the Tax Court's opinion, the real holding of that court was that "campaign contributions, like those before us, when considered in light of the history and purpose of the gift tax, are simply not 'gifts' within the meaning of the gift tax law." 71 T.C. at 263–264. In this regard, we agree with the reasoning of the Tax Court, as well as the result reached.[6]

We note that Congress has since specifically provided that the gift tax is inapplicable to transfers to political organizations. I.R.C. § 2501(a)(5). That statute applies only to transfers made after May 7, 1974. The transfers here involved occurred *prior* to that date. In this connection the Commissioner suggests that the Congressional action exempting from the gift tax transfers to political organizations represents a *change* in the law. The taxpayer, in turn, suggests that Congress merely made *explicit* that which was historically *implied*. All of which indicates that this particular argument cuts both ways.

Decision affirmed.

---

3. Treas.Reg. § 25.2511–1(g)(1) states: "Donative intent on the part of the transferor is not an essential element in the application of the gift tax to the transfer."

4. Treas.Reg. § 25.2512–8 states in pertinent part: "However, a sale, exchange, or other transfer made in the ordinary course of business (a transaction which is bona fide, at arm's length, and *free from any donative intent*), will be considered as made for an adequate and full consideration in money or money's worth." (emphasis added). *See also Commissioner v. Wemyss*, 324 U.S. at 306, 65 S.Ct. at 654; *Weller v. Commissioner*, 38 T.C. 790, 806 (1962).

5. The Commissioner refers specifically to I.R.C. § 2522(a) which disallows a charitable deduction in the computation of taxable gifts when the donee organization is substantially involved, in any way, in attempting to influence legislation.

6. The Tax Court has outlined, in its opinion, the history of the gift tax from the date of its initial enactment in 1924. We see no need to reiterate such history in full. It will suffice to state that the main purpose of the gift tax is to prevent an avoidance of estate tax by an *inter vivos* transfer of property. *See Harris v. Commissioner*, 340 U.S. 106, 71 S.Ct. 181, 95 L.Ed. 111 (1950); *Estate of Sanford v. Comm'r*, 308 U.S. 39, 44, 60 S.Ct. 51, 56, 84 L.Ed. 20 (1939).