HOMER H. AND INA MAE MARSHMAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61457. Filed October 31, 1958.

*William F. Snyder, Esq.*, for the petitioners.
*William O. Allen, Esq.*, for the respondent.

MULRONEY, *Judge:* This opinion supersedes a previous memorandum opinion filed September 19, 1958, and withdrawn October 7, 1958.

The respondent determined deficiencies in the petitioners' income tax and addition to tax, as follows:

| Year | Deficiency | Addition to tax under sec. 294 (d) (2) |
|------|-----------|------------------------|
| 1952 | $7,620.63 | ---------- |
| 1953 | 24,555.70 | $2,106.22 |

The sole question in the case involves petitioner's basis in stock sold in 1952 and 1953, which stock was part of 20,000 shares received by petitioner from her husband in 1937. The issue is whether 20,000 shares of stock subject to an option to repurchase by the husband, received by petitioner from her husband in 1937, was property acquired by gift so that petitioner's basis would at that time be her husband's basis. A second issue where petitioner contends her husband's surrender to petitioner on June 27, 1951, of his option to purchase the stock increased her basis in the stock, is conceded by respondent to result from our opinion in the husband's case.

### FINDINGS OF FACT.

Some of the facts have been stipulated and they are so found.

Pursuant to a stipulation of the parties, this case and Estate of Gordon A. Stouffer, Deceased, Mark A. Loofbourrow, Executor, Docket No. 63606, which was filed September 19, 1958, as 30 T. C. 1244, were tried on a single record. After the divorce of Gordon Stouffer and Ina Mae Stouffer in June of 1951, related in Docket No. 63606, Ina Mae, hereinafter sometimes referred to as petitioner, married Homer H. Marshman and they reside in Cleveland Heights, Ohio. They filed their joint income tax returns for the years 1952 and 1953 with the district director of internal revenue at Cleveland, Ohio.

The following summary of the facts, related in more detail in *Estate of Gordon A. Stouffer*, 30 T. C. 1244, will suffice. Ina Mae

and Gordon A. Stouffer were first married on February 22, 1930, and they were divorced on May 24, 1934. Ina Mae was awarded $150 a month alimony, which was later reduced by the court to $60 a month. In 1937, Gordon came to see Ina Mae and asked her if she would remarry him. She finally agreed to remarry him if he would give her some financial security, and on March 6, 1937, Gordon transferred to Ina Mae 2,000 shares of class B stock of the Stouffer Corporation which had an adjusted basis in his name of $5 a share and which were then of the fair market value of $40,000. Contemporaneously with the transfer, Ina Mae gave Gordon an option to purchase the stock for $40,000. The next day Ina Mae and Gordon were remarried. As the result of changes in the character of the structure of the Stouffer Corporation, the original 2,000 shares of class B stock in the Stouffer Corporation became 20,000 shares of common stock of $2.50 par value in 1949.

On June 27, 1951, Ina Mae and Gordon were again divorced and part of the settlement in the divorce action involved the relinquishment of Gordon's option to purchase the stock held by Ina Mae in the Stouffer Corporation.

In 1952, Ina Mae sold 100 shares of the above described stock and in 1953 she sold 4,750 shares of such stock. In each instance, petitioner reported these shares as having a basis of $20 each. Respondent, in his notice of deficiency, determined Ina Mae's basis was the same as Gordon's basis, which basis, after proper allocation due to various changes in the corporate structure, was 50 cents per share.

### OPINION.

In *Estate of Gordon A. Stouffer, supra,* we held Gordon realized gain as a result of the release of the option in the sum of $359,999. Respondent conceded that such a holding means Ina Mae's adjusted basis in the stock is to include the $359,999. This disposes of one issue in this case.

Left for decision is the issue of the adjusted basis of the stock subject to the option in the hands of Ina Mae immediately prior to June 27, 1951, the date of the divorce. Respondent determined Ina Mae's cost basis in the stock was 50 cents per share, which is admittedly correct if the transaction in 1937, when Ina Mae received the stock subject to the option, was property "acquired * * * by gift" within the provisions of section 113 (a) (2), I. R. C. 1939, since that was Gordon's adjusted basis.

We hold the stock subject to the option was acquired by Ina Mae as a gift from Gordon. He transferred it to her on March 6, 1937. Petitioner argues the stock was transferred to her in what might be termed an arm's length premarital arrangement and the transfer was, as Ina Mae testified, "a condition of [her] remarriage to Gordon

Stouffer." This all may be true but it does not follow that the transfer is not to be considered a gift. The essential elements of a gift are the intention to give, a transfer of title, without consideration or compensation and an acceptance by the donee. *Estate of John W. Mortimer*, 17 T. C. 579; *Linwood A. Gagne*, 16 T. C. 498; *Banner Building Co.*, 46 B. T. A. 857; *David R. Daly*, 3 B. T. A. 1042. A valid gift can be accompanied by a condition. If the condition is not inconsistent with the immediate vesting of title, the gift is complete when the transfer is made. *Edson* v. *Lucas*, 40 F. 2d 398. If the condition is inconsistent with the immediate vesting of title, the gift is complete when the condition is complied with. *Linwood A. Gagne, supra.* It would seem the condition in the instant case, the remarriage after the transfer, was not inconsistent with the immediate vesting of title in Ina Mae. But we do not need to decide, for the condition was complied with the next day when the parties were remarried.

Respondent cites *Wemyss* v. *Commissioner*, 324 U. S. 303, and *Merrill* v. *Fahs*, 324 U. S. 308. These cases held premarital transfers were gifts under the gift tax law. Petitioner argues the cited cases are not authority for respondent's position because the income tax statutes and the gift tax statutes are not to be construed in *pari materia.* We do not need to decide the point for the instant transfer is well within the definition of a gift as that term is used in the income tax statute.

Under the income tax statute there is excluded from income the value of "property acquired by gift." Sec. 22 (b) (3), I. R. C. 1939. Under Regulations 118, section 39.22 (b) (3)–1, it is provided, in part, "An amount of principal paid under a marriage settlement is a gift." It is true the inquiry here is as to what is included under the term, acquired by gift, in the capital gains provision but certainly the interpretation of the same term used in another provision of the income tax law should be followed unless some strong reason should be advanced that a different interpretation should govern the second use of the same term. *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84. We can think of no reason why what is a gift under the income exclusion section should not be considered a gift under the capital gains provision.

Petitioner tries to bring the case under the opinion of *Farid-Es-Sultaneh* v. *Commissioner*, 160 F. 2d 812, reversing *Doris Farid-Es-Sultaneh*, 6 T. C. 652, by arguing the transfer should be considered a sale because Ina Mae surrendered her right to alimony by the remarriage. In the cited case the Court of Appeals held the antenuptial payment was not a gift because received by the taxpayer in consideration for her promise to marry, coupled with her release of dower and other marital rights, including the right to support. The case is not authority for petitioner's position for Ina Mae gave up no marital rights. Her right to alimony, as such, was extinguished as a necessary

incident of the remarriage but the right to support which the alimony represented was continued by the new status of being Gordon's wife.

As stated earlier, the parties agreed that as a result of our holding in *Estate of Gordon A. Stouffer, supra,* Ina Mae's basis in the 20,000 shares is to include $359,999 which was held to be the gain realized by Gordon as a result of his release of the option. We now hold Ina Mae received the stock subject to the option in 1937 as a gift from Gordon. Gordon's basis was $10,000 so Ina Mae's basis in the 20,000 shares of stock during the years involved here was $369,999.

*Decision will be entered under Rule 50.*