WILLIAM BARCLAY HARDING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6098.    Promulgated December 22, 1948.

*George R. Sherriff, Esq.,* and *William G. McKnight, Jr., Esq.,* for the petitioner.

*Walt Mandry, Esq.,* for the respondent.

OPINION.

BLACK, *Judge*: The question we have to decide is whether $350,000 paid by petitioner in 1941 to his wife Constance pursuant to a separa-

tion agreement signed on October 24, 1941, which agreement was made a part of the decree of divorce June 28, 1943, was a taxable gift. Respondent has determined that it was and has determined a deficiency of $47,879.94 in petitioner's gift tax for the year 1941.

Pertinent provisions of the statutes and the regulations are printed in the margin.[1]

Petitioner contends that the $350,000 which he paid to his wife in 1941 under the circumstances narrated in our findings of fact was not a gift and was for a full and adequate consideration in money or money's worth. In support of his contention he cites *Herbert Jones*, 1 T. C. 1207; petition for review dismissed (C. C. A.-7, May 1, 1944); *Edmund C. Converse*, 5 T. C. 1014; affd., 163 Fed. (2d) 131; *Clarence B. Mitchell*, 6 T. C. 159; appeal dismissed (C. C. A.-7, Oct. 7, 1946); and *Albert V. Moore*, 10 T. C. 393. We think these cases support petitioner. See also *Edward B. McLean*, 11 T. C. 543, and *Norman Taurog*, 11 T. C. 1016.

The Commissioner, on his part, relies upon *Merrill* v. *Fahs*, 324 U. S. 308; *Commissioner* v. *Wemyss*, 324 U. S. 303; and E. T. 19, 1946-2 C. B. 166. The contentions made by the Commissioner based upon the authorities cited by him have been discussed in *Norman Taurog*, *supra*, and a decision adverse to the contentions of the Commissioner was reached. We think that discussion is equally applicable here and it is unnecessary to repeat it. We hold that the payment of $350,000 by petitioner in 1941 to his wife in pursuance of the separation agreement, which agreement was subsequently made a part of the divorce decree of the Nevada court, did not represent a gift by peti-

[1] SEC. 1000 [Internal Revenue Code]. IMPOSITION OF TAX.

(a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. Gift taxes for the calendar years 1932–1939, inclusive, shall not be affected by the provisions of this chapter, but shall remain subject to the applicable provisions of the Revenue Act of 1932, except as such provisions are modified by legislation enacted subsequent to the Revenue Act of 1932.

SEC. 1002. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

SEC. 86.8 [Regulations 108]. TRANSFERS FOR A CONSIDERATION IN MONEY OF MONEY'S WORTH.—Transfers reached by the statute are not confined to those only which, being without a valuable consideration, accord with the common law concept of gifts, but embrace as well sales, exchanges, and other dispositions of property for a consideration in money or money's worth to the extent that the value of the property transferred by the donor exceeds the value of the consideration given therefor. However, a sale, exchange, or other transfer of property made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth. A consideration not reducible to a money value, as love and affection, promise of marriage, etc., is to be wholly disregarded, and the entire value of the property transferred constitutes the amount of the gift.

tioner to his wife, but was a transfer for an adequate and full consideration in money or money's worth.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

---

DISNEY, *J.*, dissenting: The question and the conclusion here is, as indicated by the majority opinion, the same as discussed in *Norman Taurog*, 11 T. C. 1016. It is, therefore, unnecessary, in dissenting from the majority view here, to do more than refer to the dissenting opinion there filed, also to refer to dissent, on the same point, in *Edward B. McLean*, 11 T. C. 543. In my opinion, adherence to views expressed in *Herbert Jones*, 1 T. C. 1207, prior to *Merrill* v. *Fahs*, 324 U. S. 308, and *Commissioner* v. *Wemyss*, 324 U. S. 303, and in cases following the *Jones* case, is wholly unwarranted since the promulgation of the views of the Supreme Court. I respectfully dissent.