OPINION Kern, Judge: On January 19,1963, after nearly 18 months of intensive litigation between himself and his wife, decedent H. B. Hundley transferred securities valued at $370,567.51 to a trust for the benefit of his wife pursuant to a separation agreement in which the parties settled their earlier litigation (including the wife’s action for separate maintenance) and fixed all property rights arising from their marriage. The transfer was reported by decedent as a sale in his 1963 income tax return pursuant to the Supreme Court’s decision in United States v. Davis, 370 U.S. 65 (1962), and neither party contends that this treatment of the transfer is incorrect for income tax purposes. Petitioner and respondent are also in agreement as to the value of the securities transferred. The parties have settled a number of issues raised by the pleadings. The only issue remaining for our determination (other than the questions relating to the additions to tax) is whether the transfer is also subject to gift tax and, if so, in what amount. The Supreme Court in the Damis case has intimated in footnote 6 of the opinion (p. 68) that transfers of property pursuant.to a negotiated settlement between husband and wife in return for the release of valuable rights are inherently not gifts but “in the contemplation of the gift tax statute they are to be taxed as ‘gifts’ because of the language and consideration ingrained in the gift and estate tax statutes.” The obvious implication of this footnote is that a transfer such as that involved in the instant case is to be taxed as a gift only to the extent required by the interplay of the gift and estate tax statutes as interpreted in the three cases cited in this footnote: Merrill v. Fahs, 324 U.S. 308 (1945); Commissioner v. Wemyss, 324 U.S. 303 (1945); and Harris v. Commissioner, 340 U.S. 106 (1950). A transfer of property is required to be taxed as a gift by reason of the interplay of the gift and estate tax statutes where and to the extent that the consideration for the transfer is “less than an adequate and full consideration in money or money’s worth.” See sec. 2512(b), I.R.C. 1954;[8] Merrill v. Fahs, supra. Transfers for insufficient consideration include transfers for considerations not reducible to a value in money or money’s worth (see Commissioner v. Wemyss, supra; Grift Tax Regs. sec. 25.2512-8) and transfers in consideration of “a relinquishment or promised relinquishment of dower or curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in * * * property” (see sec. 2043(b); [9] Harris v. Commissioner, supra). The law as it stood prior to the enactment of what is now section 2516, I.B.C. 1954, may be stated as follows: A release of or promise to release dower or curtesy or a statutory substitute therefor, falling under the generic classification “inheritance rights” in property, does not constitute consideration in money or money’s worth within the meaning of the estate and gift tax provisions of the Code, and accordingly transfers of property made under property settlement agreements in consideration of the release of or promise to release such rights are not supported by full and adequate consideration in money or money’s worth and the properties transferred are included in computing the gifts made during the calendar year. This rule was not applicable with regard to transfers of property made pursuant to a decree of the divorce court and not pursuant to an agreement negotiated between the husband and wife prior to divorce, and it was not applicable to transfers made pursuant to a settlement agreement of husband and -wife where the consideration was the surrender of or promise to surrender support rights as distinguished from inheritance rights, see E.T. 19, 1946-2 C.B. 166; Rev. Rul. 68-379, 1968-2 C.B. 414, or to a settlement incident to a divorce where the consideration was “the relinquishment of a presently enforceable claim to an outright portion of a spouse’s property upon divorce,” see Estate of Robert Rodger Glen, 45 T.C. 323, 342. The determination of whether transfers were made pursuant to the settlement agreements of husband and wife prior and incident to the divorce or were made pursuant to the decree of the divorce court was not without difficulty. See Harris v. Commissioner, supra. In order to obviate, under certain circumstances, the necessity of making this difficult determination Congress enacted as section 2516 of the 1954 Code the following provision: SEO. 2516. CERTAIN PROPERTY SETTLEMENTS. Where husband and wife enter into a written agreement relative to their marital and property rights and divorce occurs within 2 years thereafter (whether or not such agreement is approved by the divorce decree), any transfers of property or interests in property made pursuant to such agreement— (1) to either spouse in settlement of his or her marital or property rights, or (2) to provide a reasonable allowance for the support of issue of the marriage during minority, shall be deemed to be transfers made for a full and adequate consideration in money or money’s worth. In this case respondent’s primary determination was that the value of the entire property transference to the trust is taxable to decedent as a gift. He argues that the consideration was the release of or promised release of dower or of a statutory estate in lieu thereof and therefore must be deemed to have no value in money or money’s worth under section 2043(b). He points out that section 2516 was enacted for the purpose of obviating, under certain specified circumstances, the difficulties incident to the decision of whether property passed pursuant to an agreement of husband and wife requiring consideration or pursuant to a divorce decree as to which consideration is irrelevant and that by its terms it is applicable only when there is a written agreement by husband and wife relative to their marital and property rights and divorce occurs within 2 years thereafter. Thus it cannot be applied to the facts of the instant case since there was no divorce. Therefore respondent concludes that the transfer is not to “be deemed to be * * * made for a full and adequate consideration in money or money’s worth” and therefore constitutes a taxable gift under the established law. This alternative determination was “that only the commuted value of the support rights given up by Mrs. Bertha Hundley, in the amount of $102,398.92 is excludable from gift tax * * * and the balance of the transfer, $268,168.59 is subject to gift tax.” In spite of the fact that he has made no allegation in the pleadings herein that he erred in this alternative determination with regard to the commuted value of Mrs. Hundley’s support rights and has introduced no evidence herein that he has so erred, respondent in his reply brief contends that the value of Mrs. Hundley’s support rights was $93,000 on an assumption that “the annual value of Mrs. Hundley’s support rights was $12,000.” Begardless of the value of these support rights respondent argues on brief that the relinquishment of these rights was not a quid pro quo obtained by decedent in return for the transfer and even if “Mrs. Hundley’s support rights played some part in consideration for the transfer” petitioner has failed to prove “what part of the transfer is grounded in that consideration.” Since respondent’s contentions with regard to the support rights may be disposed of without lengthy discussion we shall take them up at this point. It seems obvious to us that Mrs. Hundley’s surrender or promise to surrender her rights to support constituted a material part of the consideration supporting decedent’s obligations under the settlement agreement and the transfers made by him pursuant thereto. There can be no question as to the existence of these rights. They were asserted by her in the action for separate maintenance brought by her in the Maryland court on or about November 5, 1962. On that date the court tentatively translated her rights into money by ordering decedent to pay her “as maintenance femdente lite $1,000 per month subject to cause being shown to the contrary by November 28.” Between November 5 and November 28, negotiations were begun between decedent and his wife looking toward a settlement of all of their difficulties. These negotiations culminated in the agreement of January 19, 1963, which recited the desire of decedent “to make provision for the separate maintenance of the Wife,” the intention of the parties that no testimony should ever be taken with respect to either support or property rights since the provisions of the agreement with respect to these matters were to “be forever controlling and binding on the parties,” and set out the agreement of the parties that all law suits between the parties in the District of Columbia and the State of Maryland should be terminated and dismissed with prejudice, and that each released the other “from all claims, demands, and causes of action whatsoever, past or present.” While the agreement places more emphasis on the wife’s release of her rights in the estate or property of the husband (inheritance rights) we conclude without doubt that the agreement called for the surrender of the wife’s support rights and that the surrender of these rights constituted a material part of the consideration for decedent’s transfer in trust dated January 19,1963. As we have stated, respondent in his statutory notice of deficiency determined “in the alternative” that the commuted value of the support rights given up by decedent’s wife was the amount of $102,398.92. Such a determination, even though in the alternative, is presumed to be correct. See Nat Harrison Associates, Inc., 42 T.C. 601, 617. Neither petitioner nor respondent has alleged error with regard to this determination and neither party has proved that the value of $102,398.92 placed by respondent on these support rights in his notice of deficiency is erroneous.[10] Accordingly we accept this figure as the value of the support rights of Mrs. Hundley surrendered by her on January 19, 1963. With regard to the excess of the value of the property transferred by decedent in trust over the value of the support rights surrendered by decedent’s wife, respondent continues to argue that to the extent of such excess the transfer was not made in return for full and adequate consideration in money or money’s worth since the only other consideration which was reducible to a value in money or money’s worth was the relinquishment of inheritance rights (dower or curtesy or a statutory property right in lieu thereof) expressly declared by section 2043(b) not to be a consideration in money or money’s worth, and was consequently a taxable gift under section 2512 (b). Petitioner contends that no part of the value of the property transferred by decedent to the trust constitutes a taxable gift and advances several arguments supporting this contention. One of these arguments may be disposed of summarily. It is to the effect that section 2516 is operable here since “There was a de facto divorce in the present case plus an intent to obtain a court decree of divorce, frustrated only by decedent’s unexpected death” and therefore, “The intent and substantive requirements of section 2516 were satisfied, if not the language.” This argument is without merit. Without deciding that under no circumstances could section 2516 be operative without a divorce or a divorce decree (although we would be inclined to this view), we are of the opinion that the record herein does not furnish a factual support for petitioner’s contention outlined aboye. It may be that the evidence would support findings that the possibility of a divorce was considered by the attorneys for decedent and his wife, that the decedent wistfully considered the possibility of instituting such an action at some undetermined future time, and that he was advised by his attorney that theoretically he had legal grounds for divorce, but the record does not support a finding that decedent and his wife, at the time the settlement agreement was signed or at any other time, were agreed that they should be divorced, and does not support a finding that decedent intended to institute divorce proceedings absent such agreement. In view of the forensic tribulations decedent had gone through during the years immediately prior to January 19, 1963, it would be surprising if decedent (or his attorney) were reckless enough to jump into the morass of a contested divorce suit against Bertha Suzanne Hundley.[11] Petitioner-urges that the provisions of the settlement agreement coupled with the fact that after the agreement the parties lived apart constitute a de facto termination of their marital status which satisfied the purpose of section 2516. We disagree. In our opinion there was not a de facto divorce or termination of the decedent’s marital status and the purpose of section 2516 was not satisfied. Petitioner next argues that the transfer must be deemed to have been made for full consideration since it was a transaction “in the ordinary course of business (a transaction which is bona fide, at arm’s length and free from any donative intent).” We point out that in this case the transferee wife did not have or assert any unliquidated claims on behalf of herself personally to any money or property of the transferor husband with the exception of those based on her rights of inheritance in his property which section 2043 (b) specifically provides “shall not be considered to any extent a consideration in money or money’s worth” and of those based.on her support rights which did constitute valid consideration under the estate and gift tax statutes (see E.T. 19 and Rev. Rul. 68-379, supra); and that she did not have or assert any “presently enforceable claim to an outright portion of [decedent’s] property upon divorce.” (See Estate of Robert Rodger Glen, supra.) The only claim asserted by the wife transferee other than those . based upon inheritance rights and support rights, was the claim.that. she or some other person should be named as a committee or conservator of the husband’s property for the purpose of managing, it for his. benefit on the ground that he was incapable. This claim was not asserted on account of any right to money or property which she claimed to own although, a byproduct of the appointment of a committee or conservator might be the protection of her support rights and her rights of inheritance. Whether we consider that the institution and prosecution by the wife of an action for the appointment of a committee or conservator was done for the husband’s own good or constituted a form of marital harassment or was part of the tactics pursued by her or her attorney in connection with the negotiations, we feel sure that a substantial motive for the husband’s transfer to the trust was to put an end to these actions and avoid them, if possible, in the future. Similarly we recognize that additional motives of the transferor were to avoid the expenses and annoyances of litigation and to have the pleasure of living in Clifton Farms without his wife. However, a motive does not serve in itself as a consideration. 1 Williston, Contracts, sec. 111 (3d ed. 1961). We consider that these desiderata were motives and did not constitute considerations moving to the transferor. Even if they did constitute considerations to the transferor they were not reducible to a value in money or money’s worth and therefore cannot be considered either separately or collectively as adequate and full consideration. Petitioner in this part of his argument cites Rosenthal v. Commissioner, 205 F. 2d 505, reversing 17 T.C. 1047; Catherine S. Beveridge, 10 T.C. 915; Estate of Gertrude Friedman, 40 T.C. 714; Shelton v. Lockhart, 154 F. Supp. 244; and William Barclay Harding, 11 T.C. 1051. All of these cases are distinguishable from the one before us. The facts in none of them were such as to make section 2043 (b) (or its predecessor statute) applicable. Only one, the Harding case, involved a transfer pursuant to a settlement agreement between a husband and a wife.[12] In that case it was specifically found as follows (p. 1054) : The basis of the offers and counteroffers [leading to the agreement] was * * * [the husband’s] financial condition and what was considered * * * [the wife’s] needs for the support of 'herself and children. The intention was that the $350,000 [the amount transferred] apply to support the wife and children. The execution of the agreement in that case was followed by a divorce and was made a part of a divorce degree. In Edward B. McLean,, 11 T.C. 543, cited by petitioner later in his argument, the spouses executed an agreement incident to a pending divorce which was ratified, approved, and confirmed by the divorce degree. Part of the consideration for the payments called for by the agreement which were determined by petitioner to be gifts was the compromise of tbe wife’s demand for a lump sum in addition to contributions to her support. We held in that case (p. 549) that the holdings of the Supreme Court in Commissioner v. Wemyss, and Merrill v. Fahs, supra, did not cover “a situation in which divorce has converted the wife's marital rights into immediately enforceable claims” (emphasis added) and that in considering questions under the estate and gift tax statutes involving the existence of full and adequate consideration “transfers made to settle presently enforceable claims” should be considered, as in the case of transfers made to settle support rights, as being supported by adequate consideration. We again point out that those “presently enforceable claims” were construed by us in Estates of Robert Rodger Glen, supra at 342, to be presently enforceable claims “to an outright portion of a spouse’s property upon divorce.” In the instant case there was no divorce, no agreement between the spouses that a divorce action would be brought, no evidence that the wife desired a divorce or contemplated instituting a suit for divorce, and no evidence even that decedent intended to bring such an action. It follows that decedent’s wife did not relinquish as any part of the consideration for the transfer here in question a presently enforceable claim to an outright portion of decedent’s property upon divorce. Except in a divorce decree and even then limited to certain circumstances Maryland courts have no power to adjust the property rights of spouses. See Brown v. Brown, 204 Md. 197, 103 A. 2d 856, 863. The absence of donative intent is immaterial. Returning to the case of United States v. Davis and the footnote thereof referred to at the beginning of this opinion, it is apparent that in circumstances such as are present in the instant case the resolution of the question of the taxability of transfers under the Federal gift tax statute depends not upon the subjective intent, of the parties, e.g., the presence of a dona-tive intent, but upon “the interplay of the gift and estate tax statutes” with reference to objective facts. As Judge Tannenwald pointed out in his dissent in Estate of Robert Rodger Glen, supra at 353, it is not necessary for us to decide in a case such as this “whether the relationship between husband and wife reflects the romantic waltz or the violent apache dance” since “The gift and estate tax provisions of the Internal Revenue Code set forth an objective standard by which consideration is to be measured.” The fact that our findings reflect the cacophony and erratic tempo adapted to an apache dance cannot preclude the application of sections 2043 (b) and 2512 (b), I.R.C. 1954, if the objective facts of record fall within their ambit as marked out by the courts. We consider that the facts of the case before us, unlike the facts of the Harris, Rosenthal, and Harding cases, fall exactly within the provisions of section 2043 (b) and consequently of section 2512(b). In this case there was no divorce, no divorce decree, and no presently enforceable claim incident to a. divorce. We recognize that there has been “a course of events which has gradually but unmistakably eroded section 2043 (b)’s applicability in the divorce situation.” Estate of Robert Rodger Glen, supra at 336. However, we are not aware of any event or court opinion which has so emasculated section 2043(b) that it can be held to be inapplicable to a transfer in return for the relinquishment of dower or curtesy or other marital rights in property where no divorce action has been brought and there is no proof that it will ever be brought. Since section 2043 (b) is specifically and unambiguously applicable to the facts here, an inquiry into the existence of the subjective elements essential to the existence of a transfer made in the ordinary course of business would be irrelevant. In the instant case the only consideration reducible to a value in money or money’s worth received by the transferor-decedent in addition to the surrender of the support rights of the wife was the relinquishment of her inheritance rights in and to the decedent’s property which according to the express provisions of section 2043 (b), held by the Supreme Court to be applicable to gift tax matters, is not to be considered to any extent a consideration in money or money’s worth. Therefore the value of the property transferred which exceeds the value of the support rights surrendered is to be deemed a gift pursuant to the provisions of 2512(b). With regard to the additions to tax determined by respondent we have found that decedent during the negotiations leading to the transfer here involved discussed with his capable and experienced attorney the tax implications of the transfer including any gift tax liabilities and was advised by his attorney that the transfer was a sale which was not subject to a gift tax. Upon decedent’s death in the subsequent year this attorney became a coexecutor of decedent’s estate together with the Honorable William J. McWilliams of Maryland, who later became a Judge of the Maryland Court of Appeals. The reliance by decedent on the advice of competent counsel was not negligence. It is obvious that the estate relied upon the same counsel. We consider the fact that the attorney is also a coexecutor and thus identified for certain purposes with the petitioner estate is, under the facts of this case, a technicality which should not force us to uphold the penalties here imposed under sections 6651 (a) and 6653 (a). Decisions will be entered umder Rule 60. SEC. 2512. valuation OE GIFTS. (b) Where property is transferred for less than an adequate and full consideration in money or money’s worth, then the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year. SEC. 2043. TRANSFERS FOR INSUFFICIENT CONSIDERATION. (b) Marital Rights Not Treated as Consideration. — For purposes of this chapter, a relinquishment or promised relinquishment of dower or curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent’s property' or estate, shall not be considered to any extent a consideration “in money or money’s worth,” Petitioner suggests that a proper computation of the value of the wife’s support rights should start with a figure representing all of the payments made by the trust to or on behalf of the wife-beneficiary including the payments of State and Federal taxes. While the amounts actually paid in satisfaction of these rights might be relevant to an ascertainment of their value, it is not clear on the record in this case exactly what amounts were paid or would be paid by the trust in satisfaction of the wife’s support rights. In the absence of evidence of a predictable annual payment of a certain amount in satisfaction of the support rights, we are of the opinion that petitioner has failed to prove a basis of computation which would result in a value of the wife’s support rights in excess of the value of such rights determined by respondent. We point out that petitioner’s position on this point is inconsistent with his later argument that one of the principal reasons of decedent in entering into -the settlement agreement was to put an end to the litigation between him and his wife because of its expense and its injurious effect on his health. The opinion of the Court of Appeals in Rosenthal v. Commissioner, is concerned only with transfers made for the benefit of the transferor’s children.