Lauber, J., concurring: I agree that the motion for summary judgment filed by respondent (IRS or respondent) should be denied, and I concur in the opinion of the Court. I write separately to express my views on two points. As a condition of receiving the gifts at issue, the donor’s four daughters assumed an obligation to pay any additional estate tax that might arise by virtue of the section 2035(b) “gross-up” — that is, the possibility that the gift taxes paid on their gifts would be included in the gross estate if the donor died within three years of making the gifts. I will refer to this contingent liability as an “obligation to pay the section 2035(b) tax.” The IRS seeks summary judgment on the ground that the donees’ assumption of an obligation to pay the section 2035(b) tax cannot, as a matter of law, constitute “consideration” received by the donor in exchange for the gifts. See sec. 2512(b). According to the IRS, therefore, the donees’ assumption of this liability cannot be considered as an offset in determining the value of the gifts for Federal gift tax purposes.[1] In McCord v. Commissioner, 120 T.C. 358 (2003), rev’d and remanded sub nom. Succession of McCord v. Commissioner, 461 F.3d 614 (5th Cir. 2006), we resolved this issue in favor of the Commissioner, holding after a lengthy trial that the donees’ assumption of an obligation to pay the section 2035(b) tax did not constitute “consideration” within the meaning of section 2512(b). We offered two rationales for this holding. First, we determined that “no recognized method exists for approximating the burden of the estate tax with a sufficient degree of certitude to be effective for Federal gift tax purposes.” McCord, 120 T.C. at 402. We analogized the donees’ assumption of an obligation to pay the section 2035(b) tax to the donor’s contingent reversionary interest in Robinette v. Helvering, 318 U.S. 184, 188-189 (1943), which the Supreme Court deemed too speculative to be treated as an offset in determining the value of a gift. See McCord, 120 T.C. at 401 n.49, 403. Second, we cited “the ‘estate depletion’ theory of the gift tax” as additional support for our holding. Id. at 403 (citing Commissioner v. Wemyss, 324 U.S. 303, 307-308 (1945)). We reasoned that any value derived from the donees’ satisfaction of their obligation to pay the section 2035(b) tax “would accrue to the benefit of the donor’s estate (and the beneficiaries thereof) rather than the donor.” Id. “The donor in that situation,” we concluded, “might receive peace of mind, but that is not the type of tangible benefit required to invoke net gift principles.” Ibid. The Court’s opinion discusses at length both rationales advanced in McCord — the “too speculative” theory and the “estate depletion” theory. The Court finds neither rationale persuasive and appears to overrule McCord, at least to the extent it addresses the former. As explained more fully below, I agree that the IRS’ motion for summary judgment should be denied, but I disagree with the Court’s treatment of McCord. A. The “Too Speculative” Theory The argument respondent advances in support of his summary judgment motion is as follows: “The daughters’ assumption of the section 2035(b) liability does not constitute * * * consideration * * * within the meaning of section 2512(b) because it does not increase the value of petitioner’s taxable estate. Commissioner v. Wemyss, 324 U.S. 303, 307 (1945).” Absent from this argument is any contention that the daughters’ assumption of the section 2035(b) tax is “too speculative” to be considered for Federal gift tax purposes. Indeed, in a footnote, respondent explicitly “reserves the issue of whether the donees’ exposure to the executor is too speculative to quantify as a matter of law.” “[AJddressing the ‘too speculative’ issue,” respondent assures us, “is not necessary” for purposes of ruling on his motion for summary judgment. At the summary judgment stage of this case, the Court thus confronts a scenario in which neither party is asking us to consider, or reconsider, the “too speculative” rationale articulated in McCord. By “reserving” this issue, respondent has preserved the option of advancing this argument in his posttrial briefs, after all evidence in the case has been heard. Because respondent does not urge the “too speculative” theory in support of his motion for summary judgment, and because respondent may end up never advancing this theory at all, I believe that the Court’s discussion of this point is premature. Familiar principles of judicial restraint counsel that courts refrain from deciding complex questions until it is absolutely necessary to do so. That admonition applies with particular force where (as here) the consequence of a premature decision would be to overrule a binding precedent. Under the doctrine of stare decisis, this Court should be reluctant under any circumstances to overrule a binding precedent. When we face a motion for summary judgment in which the moving party explicitly disclaims reliance on the rationale embraced by that precedent, the force of stare decisis is quite compelling. For these reasons, I believe that the Court’s lengthy discussion of the “too speculative” theory is unnecessary at the summary judgment stage of this case. I also think it improper to consider overruling McCord, insofar as it embraces the “too speculative” theory, until a party has squarely presented this issue for resolution. There is no need to address either of these questions in order to dispose of respondent’s pending motion for summary judgment. Both questions may appropriately be addressed, if necessary, in the posttrial opinion.[2] B. The “Estate Depletion” Theory To the extent that respondent relies on McCord at all in support of his motion for summary judgment, it is for the second rationale articulated in McCord — namely, the “estate depletion” theory. Here, as in McCord, respondent contends that the donees’ assumption of an obligation to pay the section 2035(b) tax “does not increase the value of petitioner’s taxable estate.” Because “an heir’s agreement to pay the portion of the estate tax allocable to the property received by that heir does not affect the size of the taxable estate,” that agreement, according to respondent, cannot constitute “consideration,” as a matter of law, within the meaning of section 2512(b). In McCord v. Commissioner, 120 T.C. at 403, we reasoned that the only value derived by the donor (as opposed to her estate) from the donees’ promise was “peace of mind,” and we held that this intangible benefit was insufficient to constitute “consideration” that could serve to offset the face value of the gifts. Here, respondent frames his “estate depletion” argument quite differently. In this case, respondent contends that the donees’ agreement to pay the section 2035(b) tax does not increase the value of petitioner’s taxable estate because that agreement operates merely as an “agreement to apportion the burden of the tax within the estate and, in effect, among the estate’s beneficiaries.” I will refer to this contention as respondent’s “apportionment clause” argument. The Court properly refrains from granting summary judgment to respondent on the “estate depletion” issue. In the course of its opinion, however, the Court does not mention respondent’s “apportionment clause” argument. Because respondent’s “estate depletion” and “apportionment clause” arguments are closely intertwined, the Court’s opinion warrants clarification. According to respondent, the estate tax ultimately due from petitioner’s estate, and the assets out of which that tax will be paid, will be exactly the same regardless of the donees’ agreement to pay the section 2035(b) tax. The only effect of that agreement is that a portion of the estate tax— namely, the portion attributable to any section 2035(b) inclusion — will be paid by the donees rather than by the executor. But if the daughters receiving the inter vivos gifts are also beneficiaries of petitioner’s estate, they will bear the economic burden of the estate tax either way. They will pay the section 2035(b) portion of the tax under the agreement or, absent the agreement, they will receive a proportionately smaller inheritance because the section 2035(b) portion of the tax will have been paid by the executor. In neither case is the estate “replenished.” Respondent bolsters his “estate depletion” theory by reference to New York trust and estate law. According to respondent, New York statutory law would apportion the Federal estate tax attributable to the section 2035(b) gross-up to the persons benefited by the gifts, and the statute would require those persons to pay that portion of the estate tax. The daughters’ assumption of the obligation to pay the section 2035(b) tax, in respondent’s view, simply memorializes an obligation they would have anyway under New York law. If that is true, their contractual assumption of this obligation arguably confers no benefit on the donor or her estate — respondent calls it “a worthless piece of paper,” and hence it does not constitute “consideration” to either of them. Stated differently, a “willing buyer” of the gifted assets would not regard as a negative the condition that she assume contingent liability for the section 2035(b) tax if she already bore contingent liability for the section 2035(b) tax under New York law. Rather, a “willing buyer” would agree to pay face value for the gifted assets, unreduced by the notional “encumbrance” represented by the contingent section 2035(b) liability. Petitioner responds to respondent’s “apportionment clause” argument on several levels. Petitioner points out, correctly, that “[t]he Commissioner’s argument is grounded in his assumption that the [daughters are the beneficiaries of Mrs. Steinberg’s estate.” According to petitioner, this assumption “is not supported by any evidence in the record and is entirely speculative,” since “the beneficiaries of Mrs. Stein-berg’s estate will not be known until she dies and there is an estate.” If the daughters are beneficiaries of Mrs. Stein-berg’s estate, petitioner seems to acknowledge that the apportionment provisions of New York law would impose on them the same obligation to pay the section 2035(b) tax that they assumed contractually in the net gift agreement. But petitioner contends that the donees’ contractual assumption of this liability nevertheless benefits the estate because the net gift agreement “provides an effective enforcement mechanism that does not exist under the [New York] statute.” I agree that respondent’s motion for summary judgment should be denied because the proper disposition of his “apportionment clause” argument hinges on resolution of disputed issues of material fact. See op. Ct. p. 283. These facts may include the following: (1) whether petitioner’s daughters, at the time of the gifts, were beneficiaries under her will; (2) whether petitioner’s daughters, if not then beneficiaries under her will, should be regarded as such because they were the natural objects of her affection and bounty; (3) whether petitioner, a New York resident when she made the gifts, should be deemed a New York domiciliary for purposes of applying the New York apportionment statute; (4) whether the net gift agreement, as petitioner contends, “provides an effective enforcement mechanism that does not exist under the [New York] statute”; (5) whether the bulk of petitioner’s assets will be subject to probate or will pass by trust or other nonprobate mechanism, which might affect ease of enforcement; and (6) whether any incremental enforcement benefit is substantial enough to constitute “consideration” within the meaning of section 2512(b). The Court appears to recognize that respondent, while not entitled to summary judgment on his “estate depletion” theory, could prevail on this theory at trial if the requisite facts are resolved in his favor. Indeed, the proper disposition at trial of respondent’s “apportionment clause” argument may determine not only whether the donees’ agreement to pay the section 2035(b) tax constitutes “consideration,” but also the nature and outcome of the valuation exercise. If the only benefit accruing to petitioner and her estate from the donees’ agreement to pay the section 2035(b) tax is the incremental benefit the executor derives from having a contractual as well as a statutory enforcement mechanism against the daughters, the actuarial value of their assumption of the contingent section 2035(b) liability becomes essentially irrelevant. The thing to be valued in that event — the “consideration” received by petitioner’s estate — will be this incremental enforcement capacity enjoyed by the executor. As Judge Raum noted 50 years ago, we should be cautious in treating as statutory “consideration” obligations assumed in “an intrafamily transaction” under “‘colorable family contracts.’” Estate of Woody v. Commissioner, 36 T.C. 900, 903 (1961) (quoting Carney v. Benz, 90 F.2d 747, 749 (1st Cir. 1937)). Assuming arguendo that the actuarial value of the daughters’ assumption of the contingent section 2035(b) liability is $5,838,540, as petitioner contends, the value of the incremental enforcement capacity enjoyed by the executor may be substantially less than that. In sum, the Court properly leaves the evaluation and disposition of respondent’s “apportionment clause” argument for a posttrial opinion after all the evidence in this case has been heard. Respondent’s motion for summary judgment should be denied, not because his “estate depletion” theory is wrong, but because the proper resolution of the “apportionment clause” argument underlying his “estate depletion” theory hinges on disputed issues of material fact. Because respondent could ultimately prevail on his “estate depletion” theory if the trial establishes the requisite facts in his favor, it would clearly be premature to overrule this aspect of McCord at the present stage of this case. That is a question for another day. Gale, Goeke, Kroupa, Gustafson, and Morrison, JJ., agree with this concurring opinion. The IRS frames the question as whether the donees’ assumption of an obligation to pay the section 2035(b) tax constitutes “adequate and full consideration in money or money’s worth” within the meaning of section 2512(b). But if the donees’ assumption of this liability represented “an adequate and full consideration,” there would be no gift at all. Where, as here, the donor receives in exchange something less than “an adequate and full consideration,” we are required to determine “the amount by which the value of the [gifted] property exceedfs] the value of the consideration” that the donor actually receives. Sec. 2512(b). I will refer to the latter as “consideration” or “return consideration.” While I cannot join the Court’s decision to overrule McCord at this stage of this case, I agree that the characterization of the valuation exercise as “too speculative or highly remote is a factual issue” properly resolved at trial, should respondent ultimately advance this contention. See op. Ct. p. 272.